## No. 8031.

### STATE OF LOUISIANA VS. GEORGE DAVENPORT.

The failure of the Record to show the presence in court of a prisoner charged with felony, at every important stage of the proceeding, is a fatal defect.

The fact that the judge repeated his verbal charge to the jury in the absence of the prisoner's Counsel, also vitiates the proceedings and entitles the accused to a new trial.

APPEAL from the Seventh Judicial District Court, parish of Franklin. *Elam*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*J. G. Hawks* and *J. W. Willis, Jr.,* for the Appellant:

First—A continuance should have been granted by the District Court, the accused having shown that he had not time and opportunity to prepare for his trial. That, owing to the prejudice existing in the public mind against him, his chances for a fair and impartial trial, at the present term of the Court, would be impaired. That three witnesses, important and necessary for the defense, and within the process of the Court, were absent, without whose testimony he could not safely go to trial; the accused having made affidavit to all the facts and allegations required by law. Trans., pp. 50, 51, 52, 60 and 61. R., p. 340 ; 8th R., 530; 31st A., 190, Wharton's American Criminal Law, 2929.

Second—The District Court erred in overruling the motion of accused for a new trial, on the ground that the Court recharged the jury in the absence of the District Attorney and counsel for the prisoner. T., pp. 62, 63 and 64. Waterman's C. Digest, p. 626, No. 405; Wharton's Criminal Pleading and Pratice; 32nd An., State vs. Nelson; 31st An., p. 190, State vs. Charlot; 8th R., p. 529.

Third—The witness W. H. Rosendale was not qualified as a medical expert, as he was not a licensed physician, never received a diploma, and never practised medicine. Bill of Ex., T., pp. 72, 73 and 74. Wharton's Criminal Evidence, 412 ; Ray, vol. 1, § 47; Wharton & Stille's Medical Jurisprudence, pp. 540 and 541 ; 32 An.

Fourth—The juror Martin was not qualified to sit upon the trial, he having stated on his *voir dire* that he had formed and expressed an opinion, and that it would take strong circumstantial proof to change it. Bill of Ex., T., pp. 68 and 69; 11 An., 607; 4 Cal., 268; Ohio, 471.

Fifth—After witnesses for the State had been examined in chief, counsel for accused had a right to call them after opening the defense for the purpose of cross-examining them as to matters testified to in chief. Bill of Ex., T., p. 75; Phillips, vol. 1, p. 210; Greenleaf, vol. 1, p. 212.

Sixth—The opinion of W. H. Rosendale, as to the cause of the death of deceased, was legal evidence, it not appearing that witness testified as an expert. Bill of Ex., T., p. 70.

Seventh—The statements of deceased, made in the presence of Nancy Miller, were inadmissible as dying declarations, it not being satisfactorily proved that deceased, at the time, had an *impression* of impending dissolution, or that she had given up all hope of recovery. Bill of Ex., T., 75 and 76; Phillips, vol. 1, p. 216; Greenleaf, vol. 1, p. 212.

Eighth—The evidence of W. H. Rosendale was not admissible to prove, as an expert, the probable effects of injuries, which witness had not examined. Bill of Ex., T., p. 71.

———

The opinion of the Court was delivered by.

FENNER, J.　This appeal is taken from a conviction of manslaughter.

Assignment is made of the following errors apparent on the face of the record, viz:

First.　That the record does not affirmatively show the presence of the accused on several days when the trial of a motion for change of venue was progressing in open court and testimony therein was being taken—on one day when the trial of the cause itself was proceeded with before the jury—when the verdict of the jury was rendered—and when a motion for a new trial was tried and overruled.

It is no longer open to question that the failure of the record to show the presence in court of a prisoner charged with felony, at every important stage of the proceedings, is a fatal defect.

State vs. Revells, 31 An. 387.

State vs. Smith, *Id.* 406.

State of Louisiana vs. Davenport.

State vs. Clark, 32 A. 558.

State vs. Ricks, *Id.* not yet reported.

Wharton Cr. L. §§ 2991, 2999.   Bishop Cr. Proc. § 273.

Several of the proceedings charged to have been had in his absence, in the present case, were of importance, and of a character justifying and requiring his presence in court.   He was a prisoner, and his presence or absence entirely under control of the court, and, therefore, not within the ruling in State vs. Ricks, above cited.   Nor do any of the proceedings fall within the exceptions to general rule recognized in State vs. Clark, 32 An. 558, except perhaps the trial and overruling of motion for new trial.   That motion involved questions of law only, and his presence at the argument and decision was probably of no importance.   Had the motion been based on grounds of fact, involving the taking of testimony, as in the case of the motion for change of venue, our conclusion might be different.

The record actually presents the defects assigned as errors.

Second.   That the record shows that the judge recharged the jury in the absence of the counsel for the accused.

It does so appear from the record; and it seems well settled that such error is fatal.

People vs. Trim, 37 Cal. 274.   Martin vs. State, 51 Geo.

Sergeant vs. Roberts, 1 Pic. 237.   Wharton Cr. L. §§ 3164, 3309.

No effort seems to have been made to procure the attendance of counsel, though his absence was observed by the judge.

His absence may have been momentary and necessary.   The case is not affected by the fact that, according to the judge's statement as entered on the minutes, he was only asked by the jury to restate his original charge, and only did so restate it.   If the charge had been reduced to writing and had been simply reread to the jury, the absence of counsel might have been of no moment.   Such, however, is not shown to have been the fact.   No man's memory can be assumed to be sufficiently perfect to repeat literally verbal statements made by him sometime before.

Statments of law involve so many nice distinctions that slight variations in the words used will often add to, or diminish, the precise meaning conveyed.   Even unconsciously, the judge, in attempting merely to repeat his charge, may have altered its substantial effect upon the minds of the jury.   It was the prisoner's right that his counsel should have been present to observe the new language used by the judge, and to protect him from injury resulting therefrom.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the cause be remanded for a new trial according to law.