## No. 11,695.

### M. LANDWIRTH VS. B. SHAPHRAN.

Defendant, whose occupation was that of a merchant, borrowed money from his clerk.

The latter brought suit on the note evidencing the debt and on the acts of privilege and pledge given for its security.

The books of the defendant contain entries contemporaneous with dates of amounts charged as loans.

The defendant signed acknowledgments of indebtedness to plaintiff.

The defendant for relief alleged and attempted to prove that the books were "cooked;" that the dates of entries are incorrect; that he was not a borrower; that the note, books and acknowledgments were untrue.

He produced two receipts; the plaintiff denies the signature to them.

The evidence of two witnesses as to whether it is the signature of the plaintiff is conflicting.

It was expert testimony to prove signature by comparison.

The note and the deed import consideration.

The maker can not escape by alleging and attempting to prove that they were fictitious, and executed to guard against claims of creditors.

APPEAL from the Seventh District Court, Parish of East Carroll. *Montgomery, J.*

*Leonard K. Barber* and *Joseph E. Ransdell* for Plaintiff, Appellee.

*Charles S. Wyly* and *Sanders, Miller, Smith & Hirsch* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. The plaintiff claims two thousand five hundred dollars, interest and attorney's fee evidenced by a note of the defendant in his favor, dated April 9, 1894, and matured November 1, 1894.

Crop liens were granted by the defendant on his crop to secure payment.

The first act bears the date of the note. Subsequently, a second act was granted, with the intention of supplementing the first. It. bears the date of July 2, 1894, and both were recorded in September of that year.

To obtain a sequestration plaintiff alleged that the claim was due him; that he believed defendant to be insolvent and unable to pay his debts; that he was about to gather his crop and feared and believed that he would conceal, part with or dispose of them pending the suit or would send them out of the State before the note matured, to the injury of plaintiff and in fraud and violation of his legal rights. To all of which he swore.

The defendant took a rule on the plaintiff to show cause why plaintiff's bond for a sequestration should not be increased, to cover the damages that the alleged illegal sequestration would cause.

He alleged a number of grounds:

Such as that the note does not evidence any indebtedness; that it was issued without consideration and was a simulation, that he was not insolvent and had not attempted to remove his crop.

The court refused to grant the rule.

Whereupon defendant filed a motion to dissolve the sequestration on the ground that plaintiff's affidavit for the sequestration was false.

This motion also was overruled.

The defendant in his answer admitted his signature to the note, but alleged that he held written evidence showing the simulation of the note and of the acts of privilege and pledge.

Judgment was rendered for plaintiff for the amount claimed with privilege on the crops to the amount of one thousand three hundred and ninety-one dollars, with interest and attorney's fee on the amount.

From this judgment the defendant appeals.

### PREMATURITY.

The plea of prematurity is argued as a ground to dissolve the sequestration.

The defendant stoutly denies the debt, but does not by his pleadings raise the question of prematurity of the suit.

22

---
Landwirth vs. Shaphran.
---

The prematurity of an action may be waived, and that plea must be interposed in order that the court may be enabled to decide as to its maturity *vel non*.

#### AFFIDAVIT FOR THE WRIT PRIMA FACIE EVIDENCE.

Moreover the case shows sufficient ground to sustain the writ of sequestration.

The requisites for the writ under Act 7th April, 1826, paragraph 9, p. 120, paragraph 7 of Code of Practice, are the same as under Art. 275, paragraph 6, in cases in which the claim is secured by special mortgage, and these have been followed by plaintiff in his affidavit for the sequestration.

The affidavit is, of itself, *prima facie* evidence of the facts authorizing the writ, and this presumption the defendant did not rebut by proof that it was not his intention to dispose of his property, as charged in the affidavit.

The motion to dissolve the sequestration is overruled.

#### ON THE MERITS.

The plaintiff and the defendant, in their transactions with each other, seem to have ignored every business principle.

The plaintiff, as a witness, said that when he was employed by defendant he owned an amount earned by him since his arrival in this country, and he also swore that he brought a few hundred dollars from his home in Europe.

In 1890, the employer, who is now the defendant, sold to his clerk, plaintiff at this time, his entire stock of goods for a sum in cash.

The sale has no bearing upon the issues further than that it seems it was the first contract entered into between the plaintiff and the defendant, and that, at a time not suspicious, the plaintiff became the owner of a stock of goods for which he paid cash. We have noted this fact relating to cash plaintiff said he had for the reason that the defendant in argument contends that plaintiff did not have he amount to loan, and thereby seeks to establish the want of consideration of plaintiff's note.

He certainly had an amount, and defendant is not in a position to prove that it was insufficient to enable plaintiff to make the loan.

Not only the defendant acknowledged his indebtedness originally,

but he is confronted with his own confirmations of the correctness of his acknowledgments.

Every note imports value received and an agreement to pay the amount.

It is true that in some respects plaintiff's statement of amounts he had were hardly reasonable and highly improbable.

Can the defendant, who gave color to the correctness of plaintiff's statement as to these different amounts by a number of entries in his books, now question the verity of the statement?

He at different times credited the plaintiff on his books with amounts received from him. If the entries were untruthful and the declarations false, they seem to have had a charm in the eyes of the employer and his clerk. He gave him receipts, and finally executed his promissory note as evidence of the amount due, secured by an act of pledge and privilege.

Slight testimony of plaintiff in support of defendant's *acts and declarations* have become cogent proof.

### ALLEGED FORGERY.

The defendant produces two receipts he says were signed by the plaintiff.

They were written by himself—one in pencil, and contemporaneous with the note sued on and the deed of privilege and pledge; the other is dated 9th July, 1894, at a time he was seeking to obtain from plaintiff a waiver of his pledge on his crops.

The plaintiff denies that it is his signature. Defendant attempted to show that others knew of these receipts before the suit was brought. The proof is unsatisfactory and insufficient. The defendant himself referred to plaintiff as his debtor after the date of the receipts.

A number of witnesses were examined to prove whether the signature was real or fictitious.

There are witnesses who testify, by comparison, that it is the signature of plaintiff; other witnesses are equally as positive that it is not.

One of the specially selected experts testified that only one of the signatures had the appearance of being genuine, and thereby casts discredit on both receipts.

The other of the experts certified that both have the appearance of being genuine.

Landwirth vs. Shaphran.

It is generally granted, *that standing alone,* any of the modes of proof of signature by resemblance are worth little; in criminal cases, nothing; their real value being as *adminicula* of testimony.    Best on Evidence, Am. Ed., 255.

By the conflict of expert testimony and the circumstances of this case these receipts are *standing alone* and are not proof.

The testimony of the experts is about equally divided and of equal weight.

THE DEFENDANT IS CONCLUDED BY HIS BOOKS, DECLARATIONS AND CONDUCT.

If the entries in his books, and repeated acts and statements are correct, the mere receipts, not evidencing payments, would not be of any value.

The defendant, even with his receipts, has never succeeded in reconciling the differences between his books, vouchers, checks, deeds and declarations prior to the suit, with his present attitude that he never was plaintiff's debtor for the amount claimed.

The defendant testifies that he and his clerk, the plaintiff, cooked up the books and prepared receipts and papers in order that they might be prepared to meet any emergency in his affairs by repre- senting the clerk as a creditor.

He can not successfully urge his own turpitude.

He is bound by his acts and declarations.

The receipts he produces, under the circumstances, disputed as to their genuineness, do not sustain his contention.

He conceived the design of protecting himself against creditors. His wonderful method can not have judicial sanction.

If he is obliged to pay an amount he does not owe he has no one to blame but himself.

We will add if he does not owe the note he is one of the most sin- gular tradesmen that has ever undertaken to sell goods for a liveli- hood.

The defendant is clearly not entitled to relief from the payment of his note.

We agree with the District Judge in his conclusion.

Judgment affirmed at appellant's cost.

Rehearing refused.