David Mitchell was found guilty of burglary and larceny, and appeals. Dismissed.

S. P. Watts, for appellant. Walter Guion, Atty. Gen., and J. Nelson Greene, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, J. The defendant, David Mitchell, was found guilty, as charged, of burglary and larceny, and was sentenced to two years and six months for burglary, and six months for larceny.

He, through counsel, filed a motion to quash the indictment. This motion appears to have been taken up, tried, and overruled. To the action of the court no bill of exception was taken in the form required, and the evidence upon which it is averred the motion was based is not before us.

Errors can be made available only by exceptions duly taken on the trial. The Supreme Court will not notice objections which are not explicitly incorporated in a bill of exceptions. Not only the bill must be taken, but the testimony relied upon must be made part of the bill.

For reasons assigned, the appeal is dismissed.

---

(35 South. 618.)

No. 14,710.

KRONENBERGER v. HOPKINS et al.

(Jan. 4, 1904.,

ESTOPPEL—HUSBAND AND WIFE—PARAPHER-NAL FUNDS—AUTHENTIC ACT.

1. Where the affidavit of the wife, to the effect that her husband is in debt to her for paraphernal funds received and used by him, is made and recorded with his knowledge and consent, and is allowed to remain unchallenged on the public records until after the wife dies, and her heirs, upon the petition of the husband, are put in possession of her estate, during which time it is recited in authentic acts, to which the husband is a party, as a valid, subsisting mortgage, the husband is estopped to deny the verity of the claim represented by such affidavit, and cannot be heard to say, as against the heirs of the wife, that it is fictitious and was intended merely to protect his property from the possible pursuit of his creditors.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by George G. Kronenberger against John Polk Hopkins and others. Judgment for plaintiff, and defendants appeal. Modified.

Hubert Marion Ansley, for appellants Martha A. Hopkins, Preston M. Hill, Caroline C. Hopkins, Frank Dannemann, John P. Hopkins, Jr., and Charles J. Hopkins. John Boyd Grinage, for appellee George G. Kronenberger. Omer Villeré, for appellee John Polk Hopkins.

### Statement of the Case.

MONROE, J. The plaintiff herein, finding himself in possession of $2,069.39, in which John Polk Hopkins and his children, issue of his marriage with his deceased wife, Louisa Amelia Hopkins, are interested, and concerning the disposition of which they are unable to agree, has deposited the money in court, and calls said parties to interplead with respect thereto, praying that it be awarded to whomsoever may be entitled to it.

The facts disclosed by the record are that in January, 1886, John Polk Hopkins, being then the head of the community composed of himself and his wife, purchased certain real estate in this city; that in September of the same year, with his knowledge and consent, there was inscribed in the mortgage office an affidavit, reading as follows, to wit: "Mrs. Louisa Amelia Hoffman, wife, of lawful age, of John P. Hopkins, * * * did depose and swear that said John P. Hopkins, her husband, is justly and truly indebted unto her in the full and true sum of four thousand one hundred ($4,100) dollars, being the amount of her own separate and paraphernal funds, acquired by her before her marriage, which her said husband took charge of after their marriage, and has used the same for his own separate account, and no part thereof has been refunded to her, and for which she has a lien and privilege on the property and estate of her said husband;" that, in 1896 and 1898, Hopkins, by authentic acts, granted mortgages upon said property, for the purposes of which his wife intervened, and waived the general mortgage re-

sulting from the inscription of said affidavit; that thereafter Mrs. Hopkins died intestate, and, upon the petition of her husband, her succession was opened, and he was put in possession of the property of the community as surviving partner and as usufructuary of his wife's interest, whilst his codefendants, issue of their marriage, were recognized as her heirs and put in possession of her estate, subject to the usufruct accorded by law to their father; that another mortgage was then granted upon the property in question by said Hopkins, to which the heirs of his wife consented that the mortgage in favor of their mother, inherited by them, should be subordinated; and that finally, in 1902, by agreement of all parties, said property was sold for $4,000 by act before the plaintiff, as notary, in whose hands, after payment of one of the mortgages mentioned above, together with certain taxes and charges, there remains the balance of $2,069.39 here in dispute.

In response to the petition of the plaintiff tendering said balance, John Polk Hopkins appears and alleges that he never received any money from his wife, that the mortgage resulting from the inscription of her affidavit is fictitious and annoying, and that he is entitled to the whole of said balance, one half as owner and the other half as usufructuary, and he prays for judgment accordingly. Four of his codefendants, to wit, John P. Hopkins, Jr., Charles J. Hopkins, Mrs. Hill, and Mrs. Dannemann, appear and claim the balance in question: (1) By virtue of an alleged agreement with their father, made prior to the sale from which said balance resulted, whereby, as they allege, he renounced his claim to usufruct, and consented that the same should be distributed; (2) on the ground that their father, having renounced the usufruct upon the property, cannot claim it on the proceeds; (3) as beneficiaries, by inheritance, of the mortgage recorded against said property in favor of their mother. Two of the defendants, to wit, Mrs. Blakemore and Wm. A. Hopkins, have filed no pleadings, but have appeared as witnesses, and deny that their father, to their knowledge, agreed to renounce his usufruct quoad the fund in controversy; and the remaining defendant, Mrs. Herndon, has filed a general denial to the plaintiff's petition, but has not otherwise appeared. There is direct conflict between the testimony of John Polk Hopkins and some of the witnesses, sworn on behalf of the heirs of his wife, as to the agreement or understanding pursuant to which the sale heretofore mentioned was made, he denying, and they asserting, that it was agreed that he was to renounce all claim to usufruct, as well of the proceeds as of the property, and that any balance of such proceeds which might be left, after paying the charges upon the property (not including that in favor of the deceased wife and mother) and the costs of the proceedings, should be distributed among the owners.

Upon the subject of the affidavit inscribed by his deceased wife, Mr. Hopkins was allowed to testify, over the objection of the counsel representing the heirs of the wife. After stating that the affidavit was recorded with his knowledge and consent, but that the claim represented by it was fictitious, he was interrogated and answers as follows:

"Q. This mortgage was valid in case you had creditors, and invalid in case you had not? A. It was. I have explained the best I can. It was a fictitious mortgage. Q. Made for the purpose of protecting the property acquired by you from the pursuit of the creditors? A. It was made so that in case I got in debt, and was not able to pay, she would have the amount of half the property. We valued the property then at $8,100. That is how the $4,100 was put in it."

There was judgment in the court a qua awarding to John Polk Hopkins, as surviving partner in community for one half, and as usufructuary for the other half, the entire fund deposited by the plaintiff, and the four heirs of the wife whose names are first mentioned have appealed.

### Opinion.

It is not pretended that John Polk Hopkins has the usufruct of the separate estate of his wife, from which it follows that, if the claim represented by the affidavit of the wife be sustained, it becomes immaterial whether there was or was not an agreement concerning the usufruct of the community property, since the fund in dispute would be absorbed in paying pro tanto that claim as a debt due by the community.

To the charge made by Mr. Hopkins that the claim in question was and is fictitious, four of the heirs of the wife, viz., John P. Hopkins, Jr., Charles J. Hopkins, Martha A. Hopkins, wife of Preston M. Hill, and Caroline C. Hopkins, wife of Frank Dannemann, filed a plea of estoppel, and on the trial objected to the testimony offered in support of said charge. Considering that it was admitted that the affidavit of the wife was made and recorded with the knowledge and consent of the husband, and with his knowledge and consent was allowed to remain unchallenged upon the public records for 16 years, until after the death of his wife, until, upon his petition, her heirs had been put in possession of her estate, and up to and inclusive of the sale which produced the fund in dispute; and considering, further, that it was admitted that the sole purpose of such consent and acquiescence on the part of the husband was to prevent his future creditors from enforcing their claims against his property—we are of opinion that the plea and objection so made should have been sustained. Kerwin v. Ins. Co., 35 La. Ann. 33; Maguire v. Maguire, 40 La. Ann. 579, 4 South. 492; Landwirth v. Shaphran, 47 La. Ann. 336, 16 South. 839; McNamara v. Board, 44 La. Ann. 828, 11 South. 278.

The other three heirs, viz., Louise Claire Hopkins, wife of Preston Herndon, Elizabeth E. Hopkins, wife of John L. Blakemore, and William A. Hopkins, acquiesce in the demand made by their father, and neither they nor the plaintiff have appealed from the judgment in his favor, or prayed that it be amended.

It follows from this that, as to the four litigants first mentioned, the recorded affidavit of their mother represents a valid and subsisting debt due by the community to her estate, which they have inherited, and for the enforcement of which they are entitled to judgment, and that, as to their coheirs and the plaintiff, the judgment appealed from must be affirmed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended in so far as to direct that four-sevenths of the fund deposited in court by the plaintiff be paid, in the proportions of one-seventh to each, to John P. Hopkins, Jr., Charles J. Hopkins, Martha A. Hopkins, wife of Preston M. Hill, and Caroline C. Hopkins, wife of Frank Dannemann, as owners, in the proportions stated, of the mortgage for $4,100 inscribed in the name of their deceased mother against the property from which said fund was derived, and in so far as to direct that the costs of the district court be paid by John Polk Hopkins, and, as thus amended, the said judgment be affirmed, said John Polk Hopkins to pay the costs of the appeal.