SISSUNG v. NORTH RIVER INSURANCE CO. OF N. Y.

(October 4, 1926, Opinion and Decre.)

(*Syllabus by the Court*)

1. Louisiana Digest—Insurance—Par. 77; Marriage—Par. 135.

An automobile bought by a wife, not separate in property, belongs to the community. The husband may recover on a policy of fire insurance covering the said automobile taken out in his name. The warranty of ownership of the automobile contained in the policy is fully met by the legal effect of his wife's purchase.

2. Louisiana Digest—Marriage—Par. 135, 144, 163.

Acts 94 of 1916 and 219 of 1920 permit a wife to act independently of her husband, in relation to her separate property, but under express provisions of the acts themselves, do not affect the law relating to the community of acquets and gains.

Appeal from the Civil District Court, Division "A", Hon. Hugh C. Cage, Judge.

Action by Peter Sissung against the North River Insurance Company of New York.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded

Jos. Rosenberg, of New Orleans, attorney for plaintiff, appellant.

J. Hollingsworth, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff, alleging the destruction by fire of a certain Dart automobile, brings this suit against the defendant insurance company for $500.00, the face value of a fire insurance policy, issued to plaintiff, by defendant, covering the said Dart automobile.

Defendant admitted the issuance of the policy to plaintiff and the payment of the premium, but denied the destruction of the automobile by fire, and by way of special defense averred that, one of the facts warranted by plaintiff, as a consideration for the issuance of the policy, to-wit: that the automobile belonged to plaintiff, was untrue, in that the automobile belonged to Mrs. Sissung, plaintiff's wife.

On the trial of the case it was shown that the automobile in question was purchased in the name of Mrs. Peter Sissung, by act before George Janvier, Notary Public, for the sum of $686.00, of which $350.00 was paid in cash and $336.00 by twelve promissory notes of $28.00 each, maturing at thirty-day intervals, covering a period of one year.

Peter Sissung testified that he gave his wife the money to make the cash payment on the automobile and to pay such notes as had matured; that his wife had no money when he married her, and had inherited none. Counsel for defendant interrupted the proceedings when matters had progressed thus far by filing a plea of estoppel in which it was alleged that Mrs. Sissung on March 15, 1921, bought a lot on Amelia street with her separate funds; that Sissung lived in the property with his wife; that on September 16, 1922, Mrs. Sissung, with Sissung's knowledge, bought the automobile covered by the policy of insurance sued on, that in both transactions Mrs. Sissung was acting under the authority of Act 94 of 1916, which provides that "a married woman is competent to contract and bind herself personally" and with ref-

erence to separate and paraphernal property; that "by the said acts of the said plaintiff, by his acquiescence and by his recognition of the fact that the said automobile was the separate and paraphernal property of his said wife, the said plaintiff became and did estop himself, ever thereafter, to deny the verity of the claim and the fact that the Dart automobile * * * was and is the separate and paraphernal property of his wife."

The plea of estoppel was maintained, further proceedings stopped, and plaintiff's suit dismissed. Plaintiff has appealed.

The learned judge a quo was of the opinion that the case of Kronenberger vs. Hopkins, 111 La. 405, 35 South. 618, was conclusive of the issue presented by the plea of estoppel. We are compelled to differ with him. In the Kronenberger case it was held that "where the affidavit of the wife to the effect that her husband is in debt to her for paraphernal funds received and used by him is made and recorded with his knowledge and consent and is allowed to remain unchallenged on the public records until after the wife dies, and her heirs upon the petition of the husband are put in possession of her estate, during which time it is recited in authentic acts to which the husband is a party, as a valid subsisting mortgage, the husband is estopped to deny the verity of the claim represented by such affidavit and cannot be heard to say as against the heirs of the wife that it is fictitious and was intended merely to protect his property from the possible pursuit of his creditors".

We can see very little in the Kronenberger case that is helpful here.

To begin with, the law declares that purchases in the name of either spouse belong to the community because "in that case the period of time when the purchase is made is alone attended to and not the person who made the purchase". R. C. C. 2402; Succession of Andrus, 131 La. 940, 60 South. 623. When, therefore, the wife bought the automobile, she was acting for the community. If the husband knew of the transaction, what is there in such knowledge which estops him from thereafter asserting what the law declares to be the true significance of the wife's act. He was not a party to the act of sale, which incidentally contains no declaration that Mrs. Sissung was purchasing with her own paraphernal funds, but, if he had been, there is no inconsistency in his present position. Act 94 of 1916 and Act 219 of 1920 simply dispense with the necessity of the husband's co-operation in relation to the wife's activities concerning her paraphernal interests. Nothing in either act affects the composition of the community of acquets and gains nor the laws relating thereto and both acts contain express disclaimers of such intention.

If, then, the law stamps the wife's purchase with the character of community, how can there be any failure of warranty in respect to the insurer's declaration that he owned the insured car. It can not be pretended that he warranted the car to be his separate property. The fact that plaintiff's wife bought a house and in the act of purchase declared that she bought it with her paraphernal funds, and the fact that plaintiff lived with her in that house, has not the least bearing upon this case. She may own separate property, without being separate in property. There is nothing inconsistent in her owning separate and community property.

The case must be remanded for further hearing.

It is therefore ordered that the judgment appealed from be reversed and it is now ordered that this case be remanded for further hearing according to law and not inconsistent with the views herein expressed.