PONDER, Justice.
 

 The defendant was indicted, tried, convicted and sentenced to a term in the State Penitentiary for a period of not less than two nor more .than six years for the crime of uttering and publishing as true and genuine a certain forged check. During the course of the trial of the defendant, his counsel reserved four bills of exceptions to the rulings of the lower court. Counsel for the defendant filed a motion for a new trial which was tried and overruled. The defendant appeals. Counsel for the defendant filed an assignment of errors in this Court alleging defects apparent on the face of • the record. The appeal in this case was previously entertained by this Court and the case was remanded to the lower court for the correction and completion of the record. The record having been corrected and completed the case is now submitted for our determination.
 

 Bill of exception No. 1 was taken to the court permitting the assistant district attorney to read to the jury the first count contained in the indictment charging the accused with forgery. Counsel for the defendant contends that this was prejudicial to the accused and that it is reversible error to admit evidence of a separate and independent crime. It appears that the indictment under which the defendant was convicted contained two counts. In the first count the defendant was charged with forging a check and in the second count the defendant was charged with uttering and publishing as true the forged check. Counsel in support of his contention has cited pages 228 through 234 of Volume 1 of Wharton’s Criminal Evidence, 10th Ed., to the effect that the ad
 
 *1179
 
 mission of evidence of a separate and independent crime is inadmissible and constitutes reversible error. From the per curiam of the trial court it appears that count No. 1 of the indictment had been read to the jury before the court’s attention was callpd to it by defendant’s counsel and that immediately thereafter the assistant district attorney made a statement to the jury stating he thought it was his duty to read the indictment in its entirety but the defendant was being tried only on the second count in the indictment which charged him with uttering and publishing as true a forged check. After the opening statement was made by the assistant district attorney to the jury the •court by special instructions to the jury explained to them that the defendant was only being tried on count 2 of the indictment. From the per curiam of the lower court all the jurors when they were examined on their voir dire were apprized of what charge the defendant was being prosecuted and the whole trial was conducted exclusively on that charge. Under the provisions of Article 333 of the Code of Criminal Procedure it was the duty of the assistant district attorney to read the indictment to the jury. Moreover, at the conclusion of the trial, as is the custom, the jury was given the indictment to inscribe their verdict thereon to which counsel for the defendant made no objection. An indictment may set forth conjunctively in one and the same count the-, forgery and the uttering and publishing as true of the same check, since they are cumulative offenses denounced in the same clause or section of the statute. Act No. 204, of 1918; State v. Jackson, 163 La. 34, 111 So. 486.
 

 Bill of exception No. 2 was taken to the court overruling the defendant’s objection to certain testimony of a state witness. It was alleged in the indictment that the name of George D. DeLaureal was forged on the check. It appeared that there were two parties by that name, Dr. George D. DeLaureal and his son-, George D. DeLaureal. The assistant district attorney asked Dr. DeLaureal while on the stand as a witness for the State if he had a son named George D. DeLaureal. The testimony of Dr. DeLaureal was to the effect that his son lives in Cincinnati and the last time he was visiting in and around Lafayette was about one and a half to two years ago. This testimony was objected to by the defendant’s counsel. The defendant’s counsel also objected to the witness testifying that his son was not around during the holidays. The court having overruled the defendant’s objection, a bill of exception was taken thereto. Counsel for the defendant, contends that this evidence is irrelevant and only tends to confuse the jury. From the per curiam of the trial court it appears that the cashier of the drug store who cashed the check for the defendant testified the defendant stated that he did not know whether it was the-check of the old man or the young man. The defendant admitted having made this statement. The defendant testified that he was handed the check by a young man. Dr. DeLaureal 'testified that he did not sign the check. The evidence was admissible to show the son who bore the same name was not in that community
 
 *1181
 
 at the time the check was signed to refute the idea the son signed the check. Moreover, the testimony of the defendant was to the effect that a young man had given him the check. The evidence refutes the idea that Dr. DeLaureal’s son gave the defendant the check.
 

 Bill of exception No. 3 was taken to the court permitting the assistant district attorney to ask the defendant if he was ever arrested for any other crime. When a defendant elects to take the stand as a witness in his own behalf his credibility is open to attack and he may be compelled on cross-examination to reveal his record concerning arrests for the purpose of impeaching his credibility. Article 495, Code of Criminal Procedure. State v. Brown, 185 La. 1023, 1024, 171 So. 433.
 

 Bill of exception No. 4. Thet assistant district attorney asked the defendant. on cross-examination, viz.: “How many times were you brought from the jail about this question?” Counsel for the defendant objected, the court overruled the objection and a bill of exception was taken thereto. Counsel for the defendant contends that it was an attempt on the part of the State to show negotiations for a compromise which is improper and inadmissible in a criminal case, citing State v. Wright, 48 La.Ann. 1525, 21 So. 160. From the per curiam of the trial court it appears the counsel is in error in ascribing to the State such motives. The court stated it heard nothing on the trial which would indicate such. The court stated that the only motive or reason the State had or could have had was to show the failure of the defendant to inform any of the officers he came in frequent contact with of the innocent way in which he claimed the check came into his possession. The defendant denied having told the Chief of Police that he had anything to do with the check or that he had presented it to the drug store for the purpose of cashing it. This testimony was impeached by the testimony of the Chief of Police.
 

 The defendant’s motion for a new trial is based on the four bills of exceptions, which we have already determined, and the grounds that the verdict is contrary to the law and the evidence. It has been decided so many times by this Court that a motion for a new trial based on the grounds that the verdict is contrary to the law and the evidence presents nothing for review, it is unnecessary- to cite authorities to that end.
 

 The defendant contends that four errors of law are apparent upon the face of the record. The first error assigned is that the minutes of the court do not affirmatively show the indictment was found by the grand jury and presented or returned in open court. This case was remanded for the purpose of correcting the record. The record as corrected now shows the indictment was found by the grand jury and returned in open court. The second error assigned is that the minutes of the court do not affirmatively show the indictment was found by the grand jury and signed by the foreman in his official capacity. The corrected minutes
 
 *1183
 
 show the indictment was found by the grand jury and signed by the foreman in his official capacity. Error No. 3 assigned is that the minutes of the court do not show the defendant was present in court when the verdict of the jury was returned. The corrected minutes show the defendant was present at that time. Error No. 4 assigned is that the record fails to show the defendant’s counsel was present at the arraignment or that his presence was waived by the defendant. The defendant contends he had the right to have his counsel present at arraignment in order that counsel might file a demurrer ,or motion to quash or to reserve the right ¡to do so at a later date. In support of this contention counsel cites State v. Davenport, 33 La.Ann. 231; State v. Williams, 45 La.Ann. 936, 12 So. 932; State v. Moore, 61 Kan. 732, 60 P. 748; 16 Corpus Juris 821, Sec. 2078.
 

 State v. Davenport, supra, does not bear out defendant’s contention. The presence of counsel at arraignment was not involved therein. State v. Williams, supra, appears to refute defendant’s contention as it is authority to the effect that if an accused makes no objection to' being arraigned without counsel or makes no application for assignment of counsel but goes to trial without objection the judge commits no error in permitting the trial to proceed. Under the provisions of Article 256 of the Code of Criminal Procedure if a defendant voluntarily enters on the trial without arraignment it shall be considered as if he had pleaded not guilty. There is nothing in the record to show the defendant objected to going to trial. State v. Harper, 172 La. 1067, 136 So. 54.
 

 For the reasons assigned, the verdict and sentence are affirmed.