**11 So.2d 12**

**STATE v. DREW et al.**

No. 36802.

Nov. 4, 1942.

Rehearing Denied Nov. 30, 1942.

J. W. Parsons, of Mansfield, S. R. Thomas, of Natchitoches, and J. Reuel Boone, of Many, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for the State.

McCALEB, Justice.

On September 17, 1941, A. E. Drew and Acy Drew, Jr., were charged by indictment in the Eleventh Judicial District Court for the Parish of Sabine with unlawfully keeping and having intoxicating liquors for sale, barter and exchange in a certain room or place at Drew's Cafe in the Town of Zwolle, Parish of Sabine, where the sale of intoxicating liquors is prohibited by law, and that they, therefore, did then and there operate a "blind tiger" contrary to the provisions of Act No. 8 of the Extra Session of 1915.

To this indictment, Acy Drew, Jr., pleaded guilty. His father, the defendant A. E. Drew, pleaded not guilty and was thereafter tried, convicted and sentenced by the judge. From the conviction and sentence, A. E. Drew has appealed and, for the reversal of the judgment, he relies solely upon one bill of exception which was taken to the trial judge's action in overruling his motion for a new trial. He has annexed to this motion all of the testimony which was heard in the case and he contends that there is no evidence at all contained in the record which will support the judgment of conviction.

Our recent decisions in State v. Singley, 195 La. 519, 197 So. 218, and State v. Lassiter, 198 La. 742, 4 So.2d 814, are depended upon in support of defendant's contention. These pronouncements affirm the rule that, while this court will not investigate the record to ascertain whether the evidence adduced in the trial court was sufficient to support the conviction, it will, nevertheless, examine the transcript to ascertain whether any testimony at all has been submitted to authorize the judgment. Defendant says that this case falls squarely within this doctrine for the reason that no evidence was adduced in the trial court to show that he was guilty of operating a blind tiger.

A careful reading of the evidence taken below has been sufficient to convince us that there is no merit whatever in the defendant's contention. The testimony reveals that the defendant, A. E. Drew, is the owner and operator of the cafe known as "Drew's Cafe", located in the Town of Zwolle, Sabine Parish. It appears that on August 21, 1941, which was during the time when maneuvers were being conducted in the Parish of Sabine by the United States Army, the Sheriff of the Parish of Sabine, together with other State officers, saw a number of soldiers in the defendant's cafe drinking whisky. They immediately went into the place and conducted a search of the premises but were unable to find, at that time, any intoxicating liquor in the defendant's possession. However, on the next morning, the officers returned, armed with a search warrant, and undertook to make a careful search of the premises. As a result of this investigation, the officers found 127 half-pints of Calvert whisky buried in a pen or outhouse in the back of the premises. After the liquor was discovered, the officers arrested the defendant and his son, Acy Drew, Jr. The latter claimed the ownership of the liquor and the defendant denied any knowledge that the whisky was buried on his place.

It will be seen from the foregoing that there was ample circumstantial evidence presented to the trial judge to support the verdict of guilty on the charge against the defendant. The defendant operated the cafe where the officers observed soldiers drinking intoxicating liquor and the search of the premises disclosed that there were 127 half-pints of whisky on the place.

The question concerning the ownership of the whisky and whether the defendant was keeping it for sale in violation of law was one of fact which this court is without jurisdiction to consider. See Constitution of 1921, Article 7, Section 10.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

ROGERS, J., absent.