**77 So.2d 400**

**STATE of Louisiana**

**v.**

**E. M. FITZGERALD.**

No. 41943.

Dec. 13, 1954.

Rehearing Denied Jan. 10, 1955.

Campbell & Campbell, John T. Campbell; Minden, Booth, Lockard, Jack & Pleasant, by Whitfield Jack, Shreveport, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Edwin L. Blewer, Dist. Atty., Shreveport, for plaintiff-appellee.

PONDER, Justice.

The defendant was charged in a bill of information with the theft of a large quantity of food articles, consisting of beef, pork, poultry, coffee, bacon, sausages, various sauces and fruit juices, of the value of $398.48, from the Confederate Memorial Hospital, being the property of the State. He was tried and convicted and sentenced to serve eight months in jail. He has appealed from the conviction and sentence.

The only bill of exception presented to us on this appeal is one taken to the overruling of a motion for a new trial or, in the alternative, for a rehearing. This motion is based on the grounds that there was no competent evidence to prove the taking with intent to deprive the owner of its property and that the lower court in arriving at its verdict considered evidence outside of the record.

The defendant contends that the State did not prove the taking, the intent or the intent to permanently deprive the owner of its property. The defendant was arrested in Bossier Parish on the morning of January 21, 1954 for driving an automobile while under the influence of intoxicating liquors. He was driving his personal car and the State Troopers, upon his arrest, found the large number of food items, listed in the bill of information, in the rear seat and in the trunk of the car, which was later identified as the property of the Confederate Memorial Hospital, a state institution located at Shreveport, Louisiana.

He was at the time employed by this institution as an engineer and was arrested for driving while under the influence of intoxicating liquors by the State Troopers shortly after he had left the institution. Upon being questioned by the State Troopers, he admitted that he had taken the food from the hospital, stating that "Sometimes there is some extra and I got it this time." He was incarcerated in the parish jail in Benton, Bossier Parish and was questioned by two deputy sheriffs between 1:30 and 2 o'clock p. m. at which time he was sober and admitted that he had loaded the property in his car by himself and that he would like to make restitution. He stated that he had been drinking pretty heavy that night. He further stated that he knew nothing about the matter until that time. The statements made by the defendant were free and voluntary and were not objected to or denied by the defendant.

The defense to the case was to the effect that the State did not prove the taking and, second, that there was no proof that the defendant was capable of the specific intent required to commit the crime of theft for the reason that the defendant was in such an intoxicated condition that he could not entertain such intent and was physically incapable of executing the intent. The defense presents questions of fact.

The law is well settled that this Court will not investigate the record as to the sufficiency of the evidence and will

only examine the transcript to ascertain whether any testimony at all has been submitted to authorize the judgment. State v. Drew, 202 La. 8, 11 So.2d 12; State v. D'Ingianni, 217 La. 945, 47 So.2d 731. Without going into all the evidence in this case, it is sufficient to say that the partial statement of the facts stated above is sufficient to show that there was some evidence introduced that support the verdict and since we will not pass on the sufficiency of the evidence in a criminal case, it is unnecessary to make further inquiry.

■ The defendant contends that the trial judge erred in giving consideration and weight to "a table of alcohol concentration in blood" which the court stated in its written opinion that Dr. Butler had in his hand when testifying. Dr. Butler, the coroner, was witness for the defense and testified as to the effect of alcohol on the human system, stating that Dr. Clarence Muehlberger was a recognized authority on same and the defendant introduced in evidence an article written by Dr. Muehlberger concerning the chemical tests for alcoholic intoxication and another article of the American Academy of Forensic Sciences respecting same. It appears at the time Dr. Butler was testifying he had the table of alcohol concentrations in blood which the court referred to in its opinion. This table is in line with Dr. Butler's testimony and the instruments introduced by the defendant. In other words, it supports

rather than contradicts the defense offered in this case.

The defendant contends that the lower court erroneously took into consideration a newspaper article published since the trial of the case in arriving at its verdict. The defendant offered evidence in the trial of the case to the effect that foodstuff had been taken from the hospital and especially before the defendant had been employed. Also that the hospital authorities had employed a detective to ascertain the guilty party or parties. As we take it, the defendant was attempting to show that other foodstuffs had been taken from the hospital in order to support the testimony of the defendant that he did not know who placed the foodstuff in his car. The judge gave the defendant the benefit of this evidence and merely remarked in his opinion that the recent audit showed a discrepancy of over $21,000 in the food and medical account. The remark was set aside in parenthesis in the opinion, indicating that it was a passing remark.

Neither of the statements made by the judge in his opinion were injurious to the defendant. In fact, they were in favor of the defendant and supported the evidence offered by the defendant himself. Consequently, defendant could not have been prejudiced thereby.

For the reasons assigned, the conviction and sentence are affirmed.

LE BLANC, J., absent.