89 So.2d 877

**STATE of Louisiana**

**v.**

**Richard AMISS.**

No. 42870.

June 29, 1956.

Rehearing Denied Sept. 28, 1956.

Lloyd C. Hoffman, New Orleans, and James H. Hynes, Baton Rouge, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Frank H. Langridge, Dist. Atty., Gretna, for appellee.

VIOSCA, Justice ad hoc.

Defendant appeals from his conviction of the crime of forgery and his sentence to serve one year in the parish prison. He relies on six bills of exceptions.

By bill of information, the defendant was charged as follows:

"* * * did wilfully, unlawfully and feloniously, with intent to defraud, forge, issue and transfer as true a certain check of the Standard Fruit and Steamship Company * * *".

This information was brought under LSA–Revised Statutes 14:72, which reads:

"Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.

"Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery."

Bill of Exceptions No. One was taken to the refusal of the trial judge to grant the defendant a bill of particulars. In his motion for a bill of particulars, the defendant asked that he be informed whether the State intended to prove that he not only issued and transferred a forged writing, but that he also falsely made and altered the writing. In other words, he wanted to know whether the State intended to prove that he violated both paragraphs of LSA–Revised Statutes 14:72, supra, or only one.

Bill of Exceptions No. Two was reserved to the overruling of defendant's motion to quash or elect. This bill will be discussed in connection with Bill No. One, since they are related.

Defendant contended that the bill of information was bad for duplicity, in that it contained separate and distinct crimes in the same count, to-wit: forgery by false making or altering, and forgery by issuing or transferring. Alternatively, defendant argued that the district attorney should be forced to elect whether he intended to prosecute under the false making or altering paragraph or under the issuing or transferring paragraph of the definition of the crime.

Act 136 of 1934, which amended the Louisiana criminal law of forgery, has been called a "statutory monstrosity" (17 Tulane Law Review) and a "veritable district attorney's nightmare" (5 L.L.R. 248). Arti-

cle 740–72, which expressed the ingredients of the crime of forgery in simple language—false making or altering, with intent to defraud, issuing or transferring, with intent to defraud—was incorporated in the Louisiana Code of Criminal Law and Procedure in 1942. This article, LSA–Revised Statutes 14:72, supra, consists of two paragraphs, but it is set forth in one section. Undoubtedly, the reason for this action by the Legislature was that prior to the adoption of the Criminal Code, this Court had held that an indictment may set forth conjunctively in one and the same count the forgery and the uttering and publishing as true of the same check, since they are cumulative offenses. State v. Jackson, 163 La. 34, 111 So. 486; State v. Obey, 193 La. 1075, 192 So. 722. The early case of State v. Adam, 31 La.Ann. 717, set forth the rule that where a section of an act enumerates several offenses linked to the same act, they may be charged cumulatively in one count. State v. Markham, 15 La.Ann. 498; LSA–Revised Statutes 15:222.

LSA–Revised Statutes 15:222 [1] provides that when cumulated in the same count such acts must be charged conjunctively. See City of Shreveport v. Bryson, 212 La. 534, 33 So.2d 60; State v. O'Brien, 226 La. 807, 77 So.2d 402.

■ Since false making or altering and issuing or transferring are cumulative offenses, and the bill of information met the requirements of LSA–Revised Statutes 15:-222, in that it was couched in the conjunctive, there is no merit in Bill of Exceptions No. Two.

■■ The general rule is that the granting of a Bill of Particulars is within the discretion of the trial judge. State v. Poe, 214 La. 606, 38 So.2d 359; State v. Shourds, 224 La. 955, 71 So.2d 340; State v. Michel, 225 La. 1040, 74 So.2d 207; State v. Labat, 226 La. 201, 75 So.2d 333. In view of our ruling that the bill of information was not defective, we do not find that the trial judge acted to the detriment or disadvantage of the accused. State v. Dugan, 229 La. 668, 86 So.2d 528; State v. Butler, 229 La. 788, 86 So.2d 906. Therefore, Bill of Exceptions No. One is without merit.

There appears in the record the testimony of two handwriting experts. One testified that the forgeries were the handwriting of the defendant, and the other testified that the handwriting was not that of the defendant. Their testimony is attached to Bills of Exceptions Nos. Three and Four, which were taken to the refusal of the trial judge to give the following charges to the jury:

"I charge you Gentlemen that the testimony of handwriting experts,

---

1. "Several distinct offenses, or the intent necessary to constitute such offenses, disjunctively enumerated in the same law or in the same section of a criminal statute, may be cumulated in the same count,

when it appears that they are connected with the same transaction and constitute but one act, but in that event they must be charged conjunctively."

sworn to give evidence upon the comparison of signatures, should be considered by you, and acted upon by you with much caution; that you are not bound to surrender your own opinions, formed by your own comparisons, to the opinions of witnesses, however experienced."

"I charge you Gentlemen that if, after having considered all the evidence in this case, the only evidence you have before you to determine the guilt or innocence of this Defendant is the handwriting testimony then you should acquit him for it is generally granted that, standing alone, any of the modes of proof of signatures by resemblance are worth little—in criminal cases, nothing,—their real value being as an aid to or auxiliary of other testimony, bearing on the guilt or innocence of the Defendant."

LSA–Revised Statutes 15:390 states that the trial judge must give every requested charge that is wholly correct and pertinent. However, it is prescribed in LSA–Revised Statutes 15:384 that:

"It belongs to the jury alone to determine the weight and credibility of the evidence, but the judge shall have the right to instruct the jury on the law but not upon the facts of the case. The judge shall not state or recapitulate the evidence, repeat the testimony of any witness, nor give any opinion as to what facts have been proved or refuted."

▄▄ The testimony of expert witnesses, with respect to the writings of a defendant, is to be submitted to the jury as evidence of the genuineness of the writing in dispute. LSA–Revised Statutes 15:460.1. The experts must state the facts on which their opinions are based. LSA–Revised Statutes 15:465. If the trial judge were to comment on the testimony of the handwriting experts or the weight to be given to their testimony, such action would be equivalent to commenting on the facts—a violation of LSA–Revised Statutes 15:384. The Court is unauthorized to give undue prominence to any class of evidence. State v. McLaughlin, 138 La. 958, 70 So. 925.

▄ There is no merit in Bills of Exceptions Nos. Three and Four. The trial judge was correct in refusing to give the requested charges. His general charge, with respect to the credibility of the witnesses,[2] properly covered the subject.

The case relied on by counsel for the defendant—D'Angelo v. Nicolosi, 197 La. 797, 2 So.2d 216, 217—was a civil proceeding, in which this Court was permitted to review the facts. The statement made in that case with respect to the testimony of handwrit-

---

2. "You are the absolute judges of the credibility of the witnesses; you can believe or disbelieve any and all of them; you can weigh and sift the evidence, and choose what you believe to be true and apply to it the law as given to you by the court."

ing experts[3] is not apposite to a criminal action. The case of Temple v. Smith, 7 La.Ann. 562, in which the Court used language similar to that in the requested charge, was, likewise, a civil proceeding.

In a civil proceeding, the judge passes upon the credibility of the expert witnesses and the weight to be given to their testimony in deciding the case, whereas in a criminal action, the jury weighs the testimony of the experts and decides for itself as to their credibility.

Counsel for the defendant also calls our attention to a statement made in the case of Landwirth v. Shaphran, 47 La.Ann. 336, 16 So. 839, 840, to the effect " * * * that, standing alone, any of the modes of proof of signature by resemblance are worth little, —in criminal cases, nothing, * * *." Since that was a civil proceeding, any reference to criminal actions can be considered as obiter dictum.

The check which defendant is charged with having forged bore the signatures of two fictitious officials of the Standard Fruit and Steamship Company. They were underscored, "Authorized Signature."

Bill of Exceptions No. Five was reserved to the refusal of the trial judge to give Special Charge No. Three[4] to the jury. The gist of the charge is the averment that there can be no forgery if the name or writing forged is that of a fictitious person.

Defendant was charged with forging, issuing, and transferring a certain check. He was, therefore, charged with forging and transferring the entire instrument, not merely the signatures of the makers and payees.

LSA–Revised Statutes 14:72, supra, states that forgery may be of any writing having legal efficacy. It, therefore, covers the instrument which the defendant was

3. "The testimony of handwriting experts should be received and acted upon with caution. Temple v. Smith, 7 La.Ann. 562. And proof of handwriting by comparison is in most cases very unsafe, even where there are several documents for comparison. Barfield v. Hewlett, 6 Mart.,N.S., 78; McDonogh's Succession, 18 La.Ann. 419, 445; Barlow v. Harrison, 51 La.Ann. 875, 25 So. 378."

4. "I charge you Gentlemen that in order to sustain the charge of forgery it is necessary to show not only that the document forged was not signed by the party whose name purports to be attached to it, but also that the forged writing was so similar to the genuine writing of the party that persons ordinarily would be deceived thereby. The forged and the genuine handwriting need only be sufficient to de-

ceive a reasonable and ordinary person into accepting the same as true and genuine. The forged writing need not be so skillfully done as to require an expert to detect its falsity. However, the writing should be such a one as would be available in law to produce the result required. It must be such an instrument as, if genuine, would be a legal validity. There can be no forgery if the name or writing forged was that of a fictitious person. The forgery must be that of a person who had the legal capacity to execute the instrument. If you find that the alleged forgery of names to the instruments in question were names of persons who were not authorized to execute the instrument and give it legal efficacy, it is not forgery, and you would be obligated to acquit the Defendant."

charged with having forged. See State v. Thompson, 228 La. 342, 82 So.2d 33.

▇ Bill of Exceptions No. Five is without merit. The trial judge was correct in ruling that the charge was not a proper statement of the law.

Bill of Exceptions No. Six was taken to the refusal of the trial judge to grant defendant a new trial. The motion was leveled at the various bills of exceptions reserved during the trial, to the lack of evidence of the elements of the crime of forgery to prove the guilt of the accused beyond all reasonable doubt, and to the jurisdiction of the trial court.

▇ After reading the testimony annexed to the record, we find that there is some evidence to sustain the conviction. It is the established rule in criminal cases that the Supreme Court will not investigate the record as to the sufficiency of evidence. It only examines the transcript to determine whether there is any evidence to substantiate the verdict. State v. D'Ingianni, 217 La. 945, 47 So.2d 731; State v. Fitzgerald, 226 La. 801, 77 So.2d 400.

▇ Counsel for the defendant contends that the check herein involved was transferred in the Parish of Jefferson, State of Louisiana, and that there is no evidence of record to show that defendant participated in the actual transfer. It is further argued that no presumption operates to make the defendant guilty of passing and transferring if found to be guilty of false making or altering, and that the State did not prove that the Parish of Jefferson had jurisdiction with reference to the false making and altering of the instrument.

As previously stated, the false making or altering and the issuing or transferring are cumulative offenses. Therefore, the district court for the Parish of Jefferson had jurisdiction.[5]

It was the province of the jury to determine whether the defendant was guilty of a violation of LSA–Revised Statutes 14:72, supra, and we cannot say what was in its mind when it returned a verdict of "Guilty As Charged."

LSA–Revised Statutes 14:24 provides:

"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."

▇ One may be a principal in the commission of a crime, though absent from the place where it is committed. Since

5. LSA–R.S. 15:13—"All trials shall take place in the parish in which the offense shall have been committed, unless the venue be changed; provided that where the several acts constituting a crime shall have been committed in more than one parish, the offender may be tried in any parish where a substantial element of the crime has been committed."

there is some evidence in the record that defendant forged the instrument and some evidence in the record that the forged instrument was transferred in Jefferson Parish, the jury could very well have concluded that defendant was a principal to the crime committed in Jefferson Parish.

The trial judge was correct in overruling the motion for a new trial, and there is no merit in Bill of Exceptions No. Six.

For the reasons assigned, the conviction and sentence are affirmed.