LAND, J.
This is a suit to confirm a tax title under Act No. 101, p. 127, of 1898, to-certain pine lands situated in the parish of Grant. These lands were entered from the United States in the year 1860 by William M. Phillips. In May, 18S9, this property was sold for the taxes of 1888 and previous years assessed against Wm. M. Phillips, and was adjudicated to Wm. L. Burton and Mrs. Alice M. Ringold, from whom the plaintiff *285 derives its title through mesne conveyances.
The defendants A. B. and S. G. Thompson trace their title to the heirs of Wm. M. Phillips by act of sale executed in June, 1900.
Defendants in their answer aver the nullity of the tax title, (1) because the tax deed contains no recital that notice was given to the tax debtor or his heirs, (2) that the tax debtor was dead at the time of the tax sale, and had died long previous thereto, (3) that no notice of the delinquency of the taxes was given to the tax debtor or his heirs, and (4) that the tax debtor was dead when the pretended assessment, advertisement, and sale were made.
The lands were assessed to Wm. M. Phillips for the years 18S5, 1886, 1887, and 1888. The tax deed contains no recital of notice, but is otherwise in due form. At the date of the tax sale in 1889, no one was in possession of the property. In June, 1900, A. B. Thompson purchased the lands from the heirs of Phillips. About 1900 S. G. Thompson, one of the defendants, cut some timber on the land. No one has been in actual or corporeal possession of the lands in controversy. William M. Phillips died on January 31, 1889. Two of his heirs testified that none of them had ever received written notice from the tax collector of Grant parish that taxes were due and delinquent on the lands they conveyed to A. B. Thompson. They do not testify that no notice was given to their father. The tax collector was required by sections 50 and 51 of Act No. 85, p. 129, of 1888, on the 2d day of January, 1889, or as soon thereafter as possible, to mail notices of the delinquency of the taxes on immovables to each taxpayer, addressed to him at his post office. Hence, if the tax collector of the parish of Grant did his duty in the premises, he mailed the proper notice to Wm. M. Phillips prior to his death on January 31, 1889.
A tax deed, under article 210 of the Constitution of 1S79, furnishes prima facie evidence of a valid tax sale, although it contains no recital that notice was given as required by the statute. “The law presumes that those things were done which it commanded to be done,” and imposes on the defendant the burden of adducing “some evidence of failure to give notice to the delinquent tax debtor.” Slattery v. Heilperin & Leonard, 110 La. 94, 95, 34 South. 139, and authorities there cited. In the case at bar there is no evidence to rebut the presumption that notice was given to the tax debtor. 1-Iis presumptive heirs were not entitled to notice. Defendant’s counsel cite-Williams v. Chaplain, 112 La. 1075, 36 South. 859; but in that case the declarations in the tax deed were contradicted by evidence that the notice “was not served at all.”
In the absence of evidence to the contrary,, the tax deed furnishes prima facie evidence-of a valid tax sale. This is the attitude of the case before us, and the presumption is strengthened by the fact of the silence and inaction of the tax debtor and his heirs for 11 years, during which time the property had passed from the tax purchasers to third persons by title duly recorded.
The defendants brought no suit to annul-the tax sale within three years from the adoption of the Constitution of 1898, and by the very terms of article 233 their right of action to annul has been barred. The only recognized exception to the rule prescribed', by said article is where the property at the-time of the tax sale was in the actual or corporeal possession of the tax debtor; the-purchaser at the tax sale making no effort to dispossess the original owner. Ashley Co. v. Bradford, 109 La. 651, 33 South. 634; In re Seim, 111 La. 562, 35 South. 744. To-extend this doctrine to the case at bar, where-the tax debtor was not in actual possession at the time of the tax sale or at the date of the adoption of the Constitution of *287 1898, would be to create another exception to article 233 of the Constitution of 1898, and to greatly impair its well-recognized curative purpose in relation to defective tax titles.
Judgment affirmed.