Counsel of the collector of the tax in their brief say that:

"If the court be not with them on the first question it will not be necessary for it to pass upon the second question which it has submitted to us, for the reason that portion of the inheritance which is composed of property in Louisiana is below $10,000 in value."

The question referred to is:

"Whether the heirs, in a succession where the portion falling to them is above $10,000 are liable for an inheritance tax not only on the basis of the excess above $10,000, but on the whole amount of the inheritance received by them."

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be amended so as to fix the amount of the inheritance due by the succession of Patrick M. Westfeldt and the heirs therein at $573.40, instead of $618.-40, and, as so amended, it is hereby affirmed.

(48 South. 285.)

No. 17,060.

RICHARDS et al. v. FULLER et al.

(Nov. 30, 1908. Rehearing Denied Feb. 1, 1909.)

1. TAXATION (§ 709*)—TAX SALES—REDEMPTION—TENDER—AMOUNT.
A tender of taxes and costs, without the penalties and surplus, which had been paid by the purchaser at a tax sale, was insufficient to effect a redemption.
[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1434; Dec. Dig. § 709.*]

2. TAXATION (§ 708*) — TAX SALES — ASSESSMENTS—DEFENSES—PRESCRIPTION.
An action to redeem from a tax sale made in 1881, based on the objection that the assessment under which the sale was made was in the name of "W. H. Fuller," instead of "A. J. Fuller," the rightful owner, was barred by the three-year limitation.
[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 708.*]

Appeal from Fourth Judicial District Court, Parish of Lincoln; Robert Brooks Dawkins, Judge.

Action by Margaret J. Richards and others against C. C. Fuller and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Joel Lafayette Fletcher, for appellants. John B. Holstead, for appellees.

PROVOSTY, J. A. J. Fuller, through whom the parties to this suit claim title, acquired from the government, in 1854, the S. E. ¼ of S. W. ¼ of section 12, and all of section 13, except the E. ½ of the S. E. ¼.

The property sold at tax sale in February, 1881, to one Green for the delinquent taxes of 1878 and 1879, assessed to W. H. Fuller.

A. J. Fuller made an attempt at redeeming the property, but would not offer more than the taxes and costs, whereas Green demanded, in addition, the penalties, and a certain surplus which he had paid at the sale; the property having been adjudicated to the highest bidder, as was then required to be done. A. J. Fuller and his two sons, R. J. and W. H. Fuller, then lived on the property, and continued to do so. In June of the following year (1882) Green sold a part of the property to R. J. Fuller, and in February, 1883, he sold the remainder to W. H. Fuller. These two purchasers continued to live on the property until their death, a few years before the filing of this suit, and their representatives have contin-

ued in possession. A. J. Fuller moved off of it more than 18 years before the filing of this suit, thereby, so far as the record shows, abandoning and relinquishing all pretensions to it, if any he continued to have after the failure of his attempt at redemption.

The present suit is brought by the children and grandchildren of A. J. Fuller, other than W. H. and R. J. Fuller, against the widows and heirs of R. J. and W. H. Fuller, and also against Green, to do away with the tax sale and recover the shares of the plaintiffs in the property.

It is alleged that Green was the brother-in-law of W. H. Fuller, and that in purchasing at the tax sale he was simply acting for his brother-in-law and that, in consequence, the pretended tax sale was not in reality a sale, but merely a payment of the taxes.

It suffices to say, on this ground, that it is refuted by the testimony.

The attempt at redemption herein above referred to is relied on as a redemption; but manifestly it was not such, since the full amount required for redemption was not tendered, and since, moreover, nothing shows that a formal tender was made.

The tax sale is impugned on the ground that the assessment under which it was made was in the name of W. H. Fuller, instead of A. J. Fuller. This ground is barred by the prescription of three years pleaded by defendant.

The reason for making Green a party to the suit is that 40 acres of the land in dispute, namely, the S. W. ¼ of the S. E. ¼ of section 13, is not included in either of his acts of sale to the Fullers. Green, in his answer, says, that the sale to W. H. Fuller was intended to include the entire remainder of the land after the sale to R. J. Fuller. Be this as it may, the plaintiffs have no interest in the matter, since whatever interest was ever possessed by A. J. Fuller, from whom they pretend to have acquired by inheritance, was transferred by the tax sale.

Judgment affirmed.