Statement of the Case.
MONROE, J.
Plaintiff, as tutor of the minors, William and Joseph Doyle, sues for the recovery of an undivided one-half interest in two lots of ground, with the improvements thereon, situated on Liberty street in this city, alleging that the succession of Domingo Negrotto, Jr., is in posses *101 sion of the same, claiming, as owner, under two sales for city taxes for the year 1898, which, he attacks as void, on the grounds:
(1) That the lots were never assessed or sold by description sufficient to identify them, and were not advertised in the name of the owner or for the time required by law.
(2) That notices of such sales were never given to the minors or to any one representing them.
Defendant filed certain exceptions, which were overruled, and answered, affirming the validity of the tax titles, alleging actual possession thereunder, since June, 1903, and pleading the constitutional prescription of three years.
The facts are that José Francisco Sylvester, the maternal grandfather of the minors, acquired the lots in question in 1873, and that by reason of his death, in 1882, of the death of his daughter, Anne Louise (wife of Randolph Doyle, and mother of the minors), in 1894, and of his 'widow, Ellen, in 1896, the minors inherited each an undivided one-fourth interest therein, the other undivided one-half interest having been inherited by their maternal uncle, Thomas J. Sylvester. The father of the minors did not qualify as their tutor until 1905, and in the meanwhile, on December 16, 1901, the lots were sold by the city of New Orleans for its unpaid taxes of 1898, assessed, as to one of them, to José S. Sylvester, and, as to the other, to José F. Sylvester, the purchaser being Domingo Negrotto, Jr. In April, 1903, Negrotto was put in possession, by judgment of the civil district court, contradictorily with Thomas J. Sylvester, occupying the property as part owner, and other persons, occupying as tenants (the minors being at that time, unrepresented), and he thereafter remained in actual, undisturbed possession and paid all taxes falling due, until he died, and since his death his administratrix has been in actual undisturbed possession and has paid the taxes. This suit was instituted in February, 1908, and was decided in favor of the minors. Defendant has appealed.
Opinion.
The first ground of objection to the tax title (inadequacy of description) is not insisted upon, and does not appear to be well founded. With respect to the other ground, the propositions upon which counsel for plaintiff relies are stated in his brief, substantially, as follows, to wit:
“We submit that, up to the present time, there is no law providing how minors are to be expropriated for taxes, except the old laws in force previous to the Constitution of 1879; and that neither article 210 of the Constitution of 1879 nor article 233 of the Constitution of 1898 is self-operative, inasmuch as both required legislation to vivify them or make them operative. Both Constitutions provide: ‘The tax collector shall, without suit and after giving notice to the delinquent in the manner to be provided by law,’ etc. * * * None of the subsequent laws have provided how notice to minors shall be given, or how they shall be brought into court. Every other kind of notice is provided for, but there is no provision for the manner of notice to minors and interdicted persons. * * * In October, 1901, when the city was attempting to enforce the payment of the city taxes of 1898, both Joseph F. Sylvester and his wife, Mrs. Ellen Sylvester, were dead, and * * * the minors Doyle, plaintiffs herein, were totally unrepresented in the tax proceedings, inasmuch as Randolph Doyle qualified as their tutor only in March, 1905. Hence, there was no notice of any kind served upon them, and there was at that time no law authorizing the sale of their property in the manner sought to be done, and they have been deprived of this property without due process of law, without notice, without authority, and without their day in court. We submit that it is too clear for argument that the prescription of three years cannot protect the defendant, Domingo Negrotto, Jr., or his successor, in this case, because there has been no sale of the minors’ property, and no proceeding which could bind them, under the present system of law. It may be that defendant will attempt to show possession under the writ issued in the case of ‘Negrotto, Praying for Possession’ (an attempt which has been successfully made), but, under the admissions made and the evidence offered, it is shown, absolutely, that the minors were not represented in or made parties to said proceeding, and the same cannot, therefore, bind them in any manner.”
*103 Our law had always (both before the adoption-of the Constitutions of 1879.and 1S98 and since) made about as careful provision for the protection of the interests of minors as human ingenuity could devise. It imposes upon the relatives of the minors, save those who are specially excused, the obligation of assuming the tutorship, and it further provides (Rev. Civ. Code, art. 310):
“Relatives who have neglected to cause a tutor to be appointed are responsible for the damages which the minors may have suffered This responsibility is enforced against relations in the order in which they are called to the inheritance of the minor,” etc.
After enumerating the causes which excuse persons from assuming the burdens of tutorship, the Code further provides that:
“Art. 301. The causes herein expressed, or any oilier, cannot excuse the father from the obligation of accepting the tutorship of his children.”
The tutor is required to take an oath “that he will, well and faithfully fulfill his trust” (article 334), and he—
“shall have the care of the person of the minor, and shall represent him in all civil acts. He shall administer his estate as a prudent administrator would do, and shall be responsible for all damages resulting from bad administration.” Article 337.
Now, it is quite true that the law further provides that:
“When a minor is without a tutor, any person who has a claim against him may apply to the competent judge to request that a tutor ad hoc be appointed to him,” etc. Article 313.
Upon the other hand, it also provides that, in certain cases, prescription shall run against minors, and, whether they are provided with tutors or not, their course in such cases, where they have sustained loss, is against their tutors or those upon whom the duty devolved of seeing that tutors were appointed. Articles 3541, 3543.
Article 233 of the present Constitution, after providing that:
“There shall be no forfeiture of property for nonpayment of taxes * * * but, at the expiration of the year in which said taxes are due, the collector shall, without suit, and after giving notice to the delinquent, in the manner to be provided by law, advertise for sale, in the official journal * * *, the property on which the taxes are due”
—and, after certain specific provisions in regard to the manner of sale and redemption of the property, and the prima facie value of the tax title, etc., further provides that:
“No sale of property for taxes shall be set aside, for any cause, except on proof of dual assessment or of payment of the taxes for which the property was sold, prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption has expired, or, within three years from the adoption of this Constitution, as to sales already made, and within three years from the recordation of the tax deed, as to sales hereafter made, if no notice be given, the manner of proceeding and the form of the notice to quiet tax titles shall be provided by law.”
Construing this article and comparing its provision with those of article 210 of the Constitution of 1879, this court, in a recent case, calls attention to the fact that, there being no prescription, against suits to annul tax titles, established by the Constitution of 1879, it had been held that such, action, when based on want of the notice required, was not barred by the prescription established by the statute law; that the condition of the law was unsatisfactory, both to the state and to the public at large; and that one of the most important duties that the convention, charged with the adoption of the Constitution of 1898, was called on to perform was the framing of an ordi- • nance which would enable the state to collect its taxes, and at the same time bring into the market large bodies of land which, by reason of tax adjudications of doubtful validity, were practically hors du commerce. And the opinion then quotes the provision (of article 233 of the Constitution adopted by that convention) which has been quoted above, and, after reviewing the jurisprudence in which that provision has been in *105 terpreted and applied, proceeds, in part, as follows:
“It must be remembered that whilst it may be, and no doubt is, necessary to assess property for the purpose of taxation, the taxpayer has no inherent right which is paramount to the organic law of the state to require that property owned by him shall be assessed in connection with his ownership. So long as the property is actually assessed, whether in the name of one j>erson or another, or in no name, there is an intelligible basis for the levy, and for the sale to enforce the payment, of the tax, and if the law, to which alone he can look for his remedy, provides that the owner must bring his action to annul such sale within three years, or else that such action shall be barred, he must comply with the condition imposed or suffer the consequences imposed. * s * They [the framers of the Constitution] have said, in substance, to the taxpayer: ‘It is within the contemplation of this Constitution that your property shall be assessed, for the purposes of taxation, in your name, and provision is made that you shall be notified of any proceeding which may be taken to sell it for the taxes levied upon such assessment, but should the assessors fail to make the assessment as contemplated, and should you fail to receive the notice as provided, and for those causes, or for “any cause” (save dual assessment or the prior payment of the tax), desire to annul such sale, when made, you must institute your proceeding within three years from the date of the registry of the tax deed, otherwise, you shall be without remedy, and shall not be heard.’ ”
The opinion then proceeds to consider the questions, whether the prescription so established, as applied to a tax sale, made under an assessment in the name of a person not the owner of the property, and where the owner had received no notice, was a taking of the property without due process of law, and proceeds to hold that it was not such taking, any more than is the prescription of 30 years against an action for the recovery of an immovable, or an entire estate (Rev. Civ. Code, arts. 1023, 3548), or the prescription of one year against an action arising from an offense or quasi offense, such as theft or slander (Rev. Civ. Code, art. 3536; Code Prac. art. 31). And the. conclusion thus reached is supported by citation of the following authorities, to wit, Cooley on Taxation, 376; Black on Tax Titles, 463; McElmoyle v. Cohn, 13 Pet. 312, 10 L. Ed. 177.
It is well settled that:
“Where the tax law makes no exception in. favor of persons under disability, such a person is not saved from the operation of the statute limiting the time in which to bring an action for land sold for taxes.” A. & E. Enc. of Law (2d Ed.) vol. 27, p. 989.
“The exceptions usually made in statutes in favor of infants, married women, and persons under disability do not rest upon any doctrine of the law that such persons cannot be subjected to the operation of statutes of limitation, nor upon any theory of an inherent equity in their favor, but are based, in every instance, upon the express provisions of those statutes giving to such persons time within which to assert their rights, after a removal of their disabilities.” A. & E. Enc. of Law (2d Ed.) vol. 19, p. 212.
See, also, Cooley on Constitutional Limitations (5th Ed.) p. 48 et seq.; McIver v. Ragan, 2 Wheat. 25, 4 L. Ed. 175; Vance v. Vance, 108 U. S. 514, 2 Sup. Ct. 854, 27 L. Ed. 808.
We are, therefore, of opinion that plaintiff is not entitled to recover.
It is accordingly ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff’s demand be rejected, at his cost, in both courts.