(70 South. 342)

No. 21681.

STATE v. CELESTIN.

(Dec. 13, 1915.)

*(Syllabus by the Court.)*

1. BURGLARY   ⬿19 — INDICTMENT — SUFFI-CIENCY.

An indictment for burglary, under section 851, R. S., is insufficient in charging the accused with breaking and entering, in the nighttime, a certain dwelling house, "with the intent in so doing, then and there, to commit a felony."

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 40–47; Dec. Dig. ⬿19.]

*(Additional Syllabus by Editorial Staff.)*

2. CRIMINAL LAW ⬿27—"FELONY."

The word "felony" is a generic term, going to distinguish certain crimes, as murder, robbery, and larceny, from other minor offenses known as misdemeanors.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 29–31; Dec. Dig. ⬿27.

For other definitions, see Words and Phrases, First and Second Series, Felony.]

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Dave Celestin was convicted of burglary, and appeals. Reversed, and defendant ordered discharged.

Geo. P. Lessley and Don De Baillon, both of Lafayette, for appellant. R. G. Pleasant, Atty. Gen., and C. B. De Bellevue, Dist. Atty., of Crowley (J. B. Dawkins, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant appeals from a verdict finding him guilty of the crime of burglary, and a sentence of three years in the state penitentiary.

The part of the indictment which is necessary to be considered, reads as follows:

"That one Dave Celestin, at the parish aforesaid, on or about the 29th day of November, 1914, did unlawfully, willfully, feloniously, and burglariously break and enter, in the nighttime, the dwelling house of one Pierre Thibodeaux, with the intent in so doing, then and there, to commit a felony."

In a motion in arrest of judgment, defendant showed:

"That the indictment under which the said verdict of the jury was rendered fails to charge the statutory crime of burglary under our laws, or any other crime known to the laws of the state of Louisiana, in this, that the said indictment:

"(a) Fails wholly to apprise the defendant of the specific felony which it is claimed he intended to commit; and

"(b) Fails to charge the defendant with 'burglarious and felonious' intent to commit any particular crime as required by the statutes of this state defining the crime of burglary."

The motion in arrest forms a part of a bill of exceptions, reserved to the overruling of the same by the court.

The indictment does not follow the wording of the statute, which is as follows:

"Whoever, with intent to kill, rob, steal, commit a rape, or any other crime, shall, in the nighttime, break and enter, or having with which intent entered, shall, in the nighttime, break a dwelling house, without being armed with a dangerous weapon, or without arming himself in such house with a dangerous weapon, and without committing an assault upon any person lawfully being in such house, and every person present aiding and abetting in such burglary, or accessory thereto before the fact by counseling, or hiring, or procuring such burglary to be committed, on conviction shall be imprisoned at hard labor not exceeding fourteen years." Section 851, R. S.

The motion in arrest should have been sustained.

[1] The general rule is that every essential factor necessary to constitute the crime of burglary must be averred, in order to apprise the accused of what he must defend. The offense must be described with such certainty as would enable the accused to plead the judgment that may be given on it in bar of another prosecution for the same offense. The allegation of the intent to commit a felony need not be too specific; it is necessary only to describe with certainty a particular felony which the offender is supposed to have intended to commit.

In the indictment under consideration no particular felony, which defendant is supposed to have intended to commit, is described, or even referred to. The charge is that he entered a dwelling house "with the intent in so doing, then and there, to commit a felony."

The rule is well established that although in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient in the indictment to follow these general words, but the particular felony intended must be specified. The felony intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of the felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson.

[2] The word "felony" is a generic term going to distinguish certain crimes, as murder, robbery, and larceny, from other minor offenses known as misdemeanors. The averment that the accused had broken and entered a dwelling house for the purpose of committing a felony failed wholly to apprise him of the specific offense which is claimed he intended to commit. Marr's Criminal Jurisprudence, § 106; R. C. L. §§ 19, 22, 29; 6

Cyc. 217; 2 Bishop, New Crim. Procedure, § 142.

Burglary being a breaking, etc., "with intent to kill, rob, commit a rape, or any other crime," in the place, an indictment is inadequate if it lays the intent only in the general words, "with intent to commit a crime, or felony;" it must specify the felony or crime intended.

In this case the indictment, in charging that defendant intended to commit a felony, simply charged a conclusion of law.

It is ordered, adjudged, and decreed that the judgment and sentence appealed from be annulled, avoided, and reversed; and defendant is ordered to be discharged