O’NIELL, J.
The main question presented on this appeal is whether the words “without just cause,” or words of their import, ‘are essential to a valid indictment or bill of information charging a violation of the Act No. 34 of 1902 (p. 42).
The statute declares that any person who shall, without just cause, desert or willfully neglect to provide for the support of his wife or minor children in destitute or necessitous circumstances shall be deemed guilty of a misdemeanor, and shall be punished by a fine not exceeding $100, or by imprisonment in the parish prison not exceeding one year, or both, in the discretion of the court.
The question is presented by bills of exception taken, first, to the overruling of a motion to quash the bill of information; second, to the overruling of an objection to evidence being admitted under the allegations of the bill of information; and, third, to the overruling of a motion in arrest of judgment. The motions and objections were founded upon the fact that the bill of information did not contain the allegation that the alleged neglect to iirovide for the support of the wife and child was without just cause.
[1-3] The allegation in the bill of information, that the alleged neglect and refusal on the part of the defendant to provide for the support of his wife and minor child in destitute and necessitous circumstances was done “willfully and unlawfully,” was not equivalent to an allegation that the alleged neglect and refusal were “without just cause.” The failure to support might well have been willful, intentional or deliberate, and be not without just cause. The allegation that the failure or neglect was unlawful was not an allegation of fact, but a mere conclusion of law. Every fact that forms an essential element of the crime, intended to be charged must be alleged in the indictment or bill of information.
The judgment appealed from is annulled, and it is ordered that the bill of information be quashed and that defendant be discharged.