SOMMERVILLE, J.
Plaintiffs,' the heirs of their deceased parents, Vidian N. Manade and Marie Carmelite Brandey, bring this peti-tory action to recover a certain piece of ground on the Metairie road in the city of New Orleans which had belonged to their father, and which was sold in 1899 for the state taxes of the year 1898. The grounds of their complaint are that the assessment was made in the name of a dead man, that the advertisement of sale was not in their name, the true and lawful owners, and that no notice of delinquency or sale had been served upon them.
Defendant filed a plea of prescription of one, two, three, five, and ten years. The plea of prescription of three years, under article 23B oi the Constitution, was sustained; and plaintiffs’ suit was dismissed. They have appealed.
The evidence shows that plaintiffs were not in possession of the property, and that defendants were from the year 1899. Under such circumstances the plea of prescription of three years was properly sustained.
In the case of Canter v. William’s Heirs, 107 La. 77, 31 South. 627, the court said:
‘‘That provision of the Constitution was intended to have the effect of a statute of repose. After the lapse of the three years from the adoption of the Constitution the party in possession under his tax title duly recorded cannot be disturbed except for the two causes mentioned in article 233 — that of dual assessment and that of antecedent payment of taxes.”
The court has had frequent occasions to review the question decided in the Canter Case, and the opinion therein has been affirmfed many times. See Ashley Co., Ltd., v. Bradford et al., 109 La. 641, 33 South. 634; Slattery et al. v. Kellum et al., 114 La. 282, 38 South. 170; Terry v. Heisen et al., 115 La. 1070, 40 South. 461; Crillen et al. v. New Orleans Terminal Co., 117 La. 349, 41 South. 645; Little River Lumber Co., Ltd., v. Thompson, 118 La. 284, 42 South. 938; Doyle v. Negrotto, 124 La. 100, 49 South. 992; Weber’s Heirs v. Martinez, 125 La. 663, 51 South. 679; Norgress v. E. B. & S. P. Schwing, 128 La. 1040, 55 South. 667; Quaker Realty Co., Ltd., v. Purcell, 131 La. 496, 59 South. 915; Baldwin Lumber Co. v. Dalferes, 138 La. 607, 70 South. 493.
The judgment appealed from is affirmed.
O’ÑIELL, J., concurs in the decree on the ground that the prescription of three years, under article 233 of the Constitution, protects a tax sale even for taxes assessed in the name of a dead person, and even though the living owners of the property was not notified.
PROVO STY, J., concurs for the reasons stated by O’NIELL, J.