No. ——

First Circuit Appeal

——

JOHN McDONALD v. E. S. FIELDS, ET AL.

——

(May 5, 1925, Opinion and Decree)

——

(*Syllabus by the Editor.*)

1. Louisiana Digest—Taxation—Par. 332, 358.

A tax sale founded on a description in the advertisement and deed which correctly describes the property as to section, township, range and boundaries, but accidentally states Ward 5 when the property is situated in Ward 4, is sufficient description on which to sell the property, as these details are ample to identify and locate it.

2. Louisiana Digest—Taxation—Par. 281, 285.

A tax sale of one's property without previous notice of delinquency is absolutely void. Therefore, where one is a resident of Arkansas and notice of delinquency was sent to a Louisiana address, the tax sale is absolutely void.

3. Louisiana Digest—Taxation—Par. 390, 391.

Where a judgment is given declaring a tax title void, the right is also given to the defendant to collect the amount paid the tax collector at the sale, and subsequent taxes paid by him on the property with 10% interest from dates of payments.

Appeal from the parish of St. Landry. Hon. B. H. Pavy, Judge.

This is a suit to have a tax title declared null and void.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

M. C. Redmond, of Monroe, and G. L. Dupree, of Opelousas, attorneys for plaintiff, appellee.

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for defendant, appellant.

LECHE, J. Plaintiff sues to have set aside and declared null and void a tax sale of his property. The sale was made on August 5, 1922, for the delinquent taxes of the year 1921. The adjudication was made to Dunbar and Fields, and at the request of Dunbar, who stated that the purchase was for Fields, the deed was made out in the name of Fields.

This suit was filed April 28, 1924, more than one year after the sale, and plaintiff bases his demand on the following grounds: 1. That the description in the advertisement and deed is faulty and not such as to identify the land. 2. That no notice of delinquency was served as required by law. 3. That the sale is null and void for the reason that the property was adjudicated at the tax sale to Archie Dunbar, who, at the time, was a member of the Parish Board of Equalization, and as such prohibited from purchasing at tax sale under penalty of nullity.

The District Court rendered judgment in favor of plaintiff and defendants have appealed.

1. We do not believe that plaintiff's first ground of complaint is well founded. It is true that the land is described as situated in Ward 5 when in reality it is situated in Ward 4, but the correctness of every other detail in the description, the section, township and range, and the boundaries, is not questioned, and these details are ample to identify and locate the property.

2. When the assessment of the property was made, plaintiff was domiciled in Helena, Arkansas, and was therefore a non-resident, but the assessment roll nevertheless recited that plaintiff's postoffice was Washington, parish of St. Landry, in this state. It appears from the evidence that a notice was sent to plaintiff at that address, but it also appears that plaintiff was not in Washington, Louisiana, and was in Arkansas at the time. It is also true that plaintiff in his testimony, taken under commission, was not asked directly whether he had received notice of delinquency, but can it be presumed under these circumstances that he did receive notice, notwithstanding the fact that he alleges in his petition that he did not receive such notice? The presumption of correctness attaching to the recitals of a tax deed is unassailable when the period of three years has elapsed and the constitutional prescription is applicable to such deed, for in that event dual assessment and prepayment of the tax are the only grounds of nullity which may be urged. But we do not believe that such presumption can arise under the peculiar circumstances of this case. The tax collector could not deliver at Washington, Louisiana, a notice to a taxpayer who was, at the time, and who resided in Helena, Arkansas.

It is not disputed that a tax sale of one's property without previous notice of delinquency is absolutely void. In the case of Adsit vs. Park, 144 La. 938, 81 South. 430, Chief Justice O'Niell, as the organ of the court, says that the sale of property for delinquent taxes is invalid if the tax collector has failed to comply with the requirements of law for giving notice to the tax debtor, and if, in consequence, the tax debtor did not have notice previous to the sale. The tax debtor in this case was a non-resident, and it is not pretended that notice in the form and manner required by Section 51 of Act 170 of 1898 was given to him. For that reason we believe that the sale of plaintiff's property on August 5, 1922, for nonpayment of taxes is null and void.

3. The third ground of complaint is the one upon which the judgment of the District Court is predicated, and we see no reason to disturb the trial judge's findings

upon that point, as, in our opinion, the second ground seems sufficient to sustain his conclusions.

The judgment appealed from should, however, be amended by reserving to the defendants the right to recover from plaintiff the price paid to the tax collector at the sale as well as any subsequent taxes paid by them on said property, with ten per cent interest on such sums from the time of payment, and as thus amended said judgment is affirmed, costs of appeal to be paid by plaintiff and appellee.