MARQUE, Appellant v. KOLWE

———

(Jan. 3, 1927. Opinion and Decree.)
(Jan. 31, 1927. Rehearing Refused.)

———

(*Syllabus by the Court.*)

1. **Louisiana Digest—Taxation—Par. 358, 361.**

Where A, the tax debtor, owns two lots measuring each 30 feet front, the advertisement and sale of the same for taxes as two lots measuring 30 feet front will convey the whole of the two lots being identified as the same owned by the tax debtor.

2. **Louisiana Digest—Taxation—Par. 377.**

An action to annul a tax sale is prescribed by three years from the date of the recordation of the tax deed, except in cases of dual assessment or of prior payment of the tax.

3. **Louisiana Digest—Taxation—Par. 377.**

Assessment in the name of one not the owner and want of notice to the owner are covered by this prescription of three years of an action to annul a tax sale.

4. **Louisiana Digest—Taxation—Par. 377, 378.**

But the prescription of three years of an action to annul a tax sale does not run against a tax debtor in actual possession.

Appeal from Civil District Court. Hon. Wm. H. Byrnes, Judge.

Action by A. L. Marque against A. J. Kolwe.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Feitel & Feitel, N. H. Polmer, of New Orleans, attorneys for plaintiff, appellant.

W. W. Wall, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit to set aside a tax sale.

The plaintiff alleged that he was the owner in full possession of two lots of ground situated in the second district of this city in the square No. 634 bounded by Peach, Marks, Hamilton and Laurel Grove designated by the Nos. 23 and 24 on a sketch of H. C. Brown, surveyor, dated August 21, 1903, annexed to an act of F. J. Dreyfous, dated July 17, 1908, measuring each 30 feet front on Peach street by a depth of 120 feet, lot No. 24 forming the corner of Peach and Hamilton streets; purchased by act of Felix J. Dreyfous, notary, dated August 19, 1909, Reg. C: O. 226-624, from Elias Pailet;

That since his acquisition he has been in the continuous, physical, and corporeal possession of said two lots, and was in such possession on July 15, 1918, and is nw enjoying such possession.

That on July 15, 1918, said property was adjudicated to A. J. Kolwe for $15.20 at a sale made for unpaid city taxes for the year 1915, registered in the conveyance office on July 29, 1918, in book 302, p. 119; that said sale is null and void for the following reasons:

1st. That although plaintiff was the registered owner of the property at the time of the tax, said property was assessed in the name of the "Teutonia Loan and Building Company", and was advertised for sale in the above name;

2nd. That plaintiff was never served with a notice of said sale as required by section 50 and 51 of Act 170 of 1898; but the notice of sale was served upon "the Teutonia Loan and Building Company"; that plaintiff had no knowledge of the intended sale and the city made no attempt to serve him with notice.

Plaintiff further alleged that he had paid all the taxes upon said property for the years 1916 to 1921, both inclusive.

Plaintiff prayed for judgment annulling the tax sale and recognizing him as owner of the property, and in default for judgment in his favor for the taxes paid by him.

The defendant admitted the tax sale to him, but denied all the other allegations of the petition.

Further answering, he alleged that the tax sale was valid and vested in him a valid title; that ever since said sale he has had the actual, physical, and corporeal possession of the property sold, and that his "title is quieted and confirmed, and plaintiff's action to annul the same is barred by the prescription or peremption of three years set forth in the Constitution of the State of Louisiana, which constitutional provision is expressly pleaded here in bar of plaintiff's action".

By a supplemental petition plaintiff alleged "that the advertisement under which the property was sold, recited said property as measuring 30 feet front on Peach street by 120 feet in depth; that said

measurements were not sufficient to identify the property as provided by Act 1770 of 1898", as the whole appears by a copy of said advertisement and process verbal of sale annexed. Plaintiff prayed that in case the tax sale was maintained as vaild that it be restricted to one lot measuring 30 feet front on Peach street by 120 feet in depth.

Of this supplemental petition the defendant denied all its allegations.

There was judgment in favor of the plaintiff for all the taxes paid by him, and in favor of the defendant recognizing him as the owner of the two lots claimed by plaintiff and as described by him in his petition.

The allegation in the supplemental petition, "that the advertisement under which the property was sold recited said property as measuring 30 feet front on Peach street is not supported by the record.

The following is a copy of the advertisement which appears in the record:

"Teutonia Building and Loan Assn. City taxes for the year 1915, $6.60, No. 10,082: 'Two certain lots of ground and improvements thereon situated in the Seventh District of the city of New Orleans, designated as lots Nos. 23 and 24, in square No. 634 bounded by Peach, Hamilton, Laurel Grove, and Maple streets and measures 30 feet front on Peach street by 120 feet in depth'."

The description would have been more accurate had it said: ."Measures 'each' 30 feet"; but it is certain that "two certain lots" and not "one" were advertised.

Section 9 of Act 170 of 1898, p. 352, provides:

"That for the purpose of taxation and tax sales it shall be sufficient to assess and describe all property according to such description as will reasonably identify the property assessed, etc., also Section 19."

In our opinion the assessment and sale comprised all the land included in the two lots, 23 and 24. There is no doubt that the lots assessed and sold were the numbers 23 and 24, which carried with them all the lots contained. 43 A. 727 (730). It is sufficient if it is made clear that the property assessed and sold is that owned by the party assessed in a particular square.

In the case of Gouaux vs. Beaulien, 123 La. 684, the court reviews the jurisprudence on the question of description of property sold for taxes.

The syllabus reads as follows:

"It is not claimed in this case that there was a misdescription of the property assessed and sold or that defendants have taken possession of property not intended to be sold but that there was 'uncertainty' in the description of the property sold at tax sale and under the description of the tax deed it could not be identified. As a fact, the defendants have identified and taken possession of the land, it being the exact quantity of land and the only land owned by the person in whose name it was assessed in the section, township, and range mentioned according to the official maps." Shelley vs. Friedrichs, 117 La. 684, 42 So. 218.

"The tax sale of one-half of a certain square of ground means the certain and determinate half square owned by the party assessed, and not an undivided one-half interest in the square." Xeter vs. Dalgon, No. 7359 Orl. App. Alos No. 7619, 2 La. App. 196.

"Where A, the tax debtor, owns certain lots in a particular square, the municipal number and street boundaries of which are given, the property is sufficiently described for the purposes of its assessment and sale for taxes as 'certain lots (in the square designated) assessed to A, such de-

scription including all the lots owned by A in the square described." Webers' Heirs vs. Martinez, 125 La. 663; 112 La. 797.

The exception of prescription is based upon Article 233 of the Constitution of 1898, which reads as follows (eliminating all parts not applicable):

"No sale of property for taxes shall be set aside for any cause except on proof of dual assessment or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within three years from the date of recordation of the tax deed as to sales made hereafter."

The suit in this case was filed on August 10, 1922, more than four years after the recordation of the tax deed.

Under the text of Article 233, the action to annul the sale was prescribed by three years, inasmuch as there was no allegation of dual assessment or of payment of the taxes for which the property was sold. Canter vs. William's Heirs, 107 La. 77, 31 So. 627; Ashley Co. vs. Bradford, 109 La. 642, 33 So. 634; Simoneaux vs. White Castle Lumber & Shingle Co., 112 La. 221, 36 So. 328; Levy vs. Gause, 112 La. 797, 36 So. 684; Little River Lumber Co. vs. Thompson, 118 La. 284, 42 So. 938; Prater vs. Craighead, 118 La. 628, 43 So. 258; Richards vs. Fuller, 122 La. 848, 48 So. 285; Holland's Heirs vs. Southern States Land & Timber Co., 124 La. 406, 50 So. 436; Weber's Heirs vs. Martinez, 125 La. 666, 667, 51 So. 679, In re. Realty Co., 127 La. 213, 53 So. 526; Hirst vs. Xeter Realty, 138 La. 402, 70 So. 339; Orl. App. Nos. 7774, 7861.

This prescription applies even as against minors. 124 La. 100.

It protects the want of notice. Weber's Heirs vs. Martinez, 125 La. 666, 51 So.

679; In re. Realty Co., 127 La. 213, 53 So. 526; State vs. Celestin, 138 La. 409, 70 So. 342.

"Though property may have been assessed in the name of one not the owner, a sale for taxes, predicated on such assessment falls, nevertheless, within the meaning and operation of Article 233 of the Constitution, and will not be set aside, save in the case specially provided, unless the proceeding to annul be instituted within the time prescribed by the article." Crillen vs. N. O. Terminal Co., 117 La. 350, 41 So. 645; Bradley vs. City of New Orleans, 153 La. 282, 95 So. 718; Weber's Heirs vs. Martinez, 125 La. 666, 667, 51 So. 679; Guillory vs. Elms, 126 La. 560, 52 So. 767; Richards vs. Fuller, 122 La. 849, 48 So. 285.

In the last case it was also held that the validity of the tax sale was not affected by the fact that the property, after the sale, was assessed in the name of the former owner and that taxes were received from him.

The presumption is that possession of the property sold for taxes followed the act of sale. C. C. 2479 (2455); Canter vs. William's Heirs, 107 La. 78, 31 So. 627; Carey vs. Cagney, 109 La. 82, 33 So. 89; 9 Ashley Co. vs. Bradford, 109 La. 653, 33 So. 634; Ashley Co. vs. Bradford, 109 La. 642, 33 So. 634; Hirst vs. Xeter Realty, 38 La. 404, 70 So. 339.

"The prescription of three years is applicable even though the property is not in the actual possession of the purchaser and though it consists of wild vacant lands." Ashley Co. vs. Bradford, 109 La. 642, 33 So. 634; Carey vs. Cagney, 109 La. 82, 33 So. 89; Hirst vs. Xeter Realty, Ltd., 138 La. 399, 70 So. 339; Hirst vs. Xeter Realty, Ltd., 138 La. 403, 70 So. 339; 7 Orl. App. 192.

The jurisprudence is succinctly stated by Judge Rodgers in Pickens vs. Dellinger, 161 La. 694, 109 So. 391, as follows:

"Defendants (owners) argue that since plaintiff (purchaser at taxe sale) was never in possession he cannot successfully interpose the plea (of prescription). The argument is not sound. Under our jurisprudence; it is only when the tax debtor is in actual corporeal possession of the property, or in cases of dual assessment or prior payment of the taxes that the prescription will not run in favor of the holder of the tax title. It is applicable in all other cases. Here the tax debtors were not in possession of the property, and they are not before the court contesting the tax title."

But in interpreting Article 233, the Suprme Court has said that the prescription of three years did not run against a tax delinquent in actual, physical possession of the property at the time of the tax sale and as long as he remained in possession; in other words, that prescription was suspended during the actual possession of the tax debtor. Koen vs. Martin, 110 La. 242, 34 So. 429; In re. Seim, 111 La. 555 (562), 35 So. 744; Tieman vs. Johnston, 114 La. 112-115, 38 So. 75; Bartley vs. Sallier, 118 La. 969, 42 So. 657; Little River Lumber Co. vs. Thompson, 118 La. 284, 42 So. 938; In re. Sheehy, 119 La. 609 (615-a), 44 So. 315; Hirst vs. Xeter Realty, 138 La. 399, 70 So. 339; Xeter Realty, Ltd., vs. Basler, 140 La. 891, 74 So. 185; Adsit vs. Park, 144 La. 937, 81 So. 430; Bradley vs. City of New Orleans, 153 La. 281, 95 So. 718.

"The burden of proof is upon the plaintiff (the purchaser at tax sale) to show that his title has been quieted by the prescription of three years." In re. Seim, 111 La. 562, 35 So. 744; Huntington vs. Westerfield, 119 La. 615, 44 So. 317.

The pivotal question to be decided therefore is, was plaintiff in the possession of these two lots at the moment of tax sale or for three years thereafter?

The plaintiff did not testify at the time of the trial, he was in Los Angeles since 1915.

The only witness in the question of possession is one Albert Armemann. He testified that he had been living for about seven years in the same block or square, which contains the two lots in question; about the year 1915, two gentlemen, he did not know, called on him and one of them told him he was the owner of the two corner lots; witness told him he was using these lots with the permission of Mr. Knight, the owner; the same gentleman told him to go ahead and use the lots; he cuts the weeds on them; he used them a short time; he was informed that Mr. Veith was the man who bought the lots, and he leased them from him for two or three years; at the time he saw the gentlement there were two strands of barbed wire around the whole square, not only the two lots, but around the whole square; he saw Mr. Knight build it; the fence rotted down, and after he got permission from Mr. Veith, he repaired it with barbed wire which is still there; there was no division fence, only two strands of barbed wire around the square; the only two lots fenced off were those he occupied; about 30 feet from the two corner lots, his wife's mother bought from Mr. Knight; Mr. Knight was using the whole place as a pasture with a fence around it; he said Mr. Knight had got permission to use them from the owner, and Knight told him he could use them; he used them about 6 or 8 months after that; they then remained vacant about a year; on August 1, 1918, he leased the lots from the defendant, he used them for two or three years after; he then told Mr. Veith he did not want them any more, but he continued using them to bring in a load of wood; he paid $6 a year rent up to 1920.

Philip J. Veith testified that he handled defendant's tax title properties; that on August 1, 1918, acting for defendant, he leased the two lots to Arneman; Arneman had occupied the two properties since that date; he stored wood and had a bee-hive upon it and kept horse and wagon upon it; there was a wire fence enclosing the property; he has a half interest in the property; prior to the tax sale there was a fence around the square, but at the time of the lease to Arneman it was understood he would fence in this property for the very purpose of acquiring possession under the tax title.

We do not think that the plaintiff proved that he had possession of these lots at the time of the sale in July, 1918.

If any one had possession, it was Arneman, and he had taken possession by permission of Knight whom he believed to be the owner. He never knew the plaintiff, Marque, and did not hold from him or for him.

It is true that two gentlemen, about the year 1915, called on Arneman and represented themselves as owners. But they did not give their names, and Arneman did not know them.

There is nothing to identify one of them as Marque.

But even if one of them was Marque, the testimony is that a few months after their conversation with Arneman, he, Arneman, abandoned the use of the lots and in July, 1918, the date of the tax sale, he was not in the enjoyment of it.

After July, 1918, Arnemnn rented from the defendant, represented by Mr. Veith. There is no evidence to show that after the conversation of 1915, the plaintiff had possession of the lots, or any one for his account, or that he was heard of in connection with the lots.

The plaintiff having failed to show actual possession of those lots by himself or by others for his account, has lost his right to contest the validity of the tax sale by the prescription of three years.