PONDER, Justice.
 

 The defendant, Charles Viering, was convicted on October
 
 9,
 
 1936, for failing to support his minor child Charlene Viering, aged four, under the provisions Act No. 34 of 1902 and sentenced to pay a fine of $25 and in default of payment of fine and cost to imprisonment in the parish jail for a term of Sixty days. The court further ordered that the sentence imposed be suspended and the defendant was ordered to pay $2.50 per week for the support of his minor child. The defendant was ordered, on February 19, 1937, to show cause why the amount should not be increased on which date the rule was continued. The defendant on the same date filed a motion for a continuance and for the suspension of the payments for the support of the child. The rule and motions were tried and submitted, whereupon the court refused to increase the amount of support and refused to suspend the payments thereof. The court then ordered the suspended sentence recalled and sentenced the defend
 
 *335
 
 ant to pay a fine of $25 and in default of payment of a fine and cost that the accused be imprisoned in the parish jail for sixty days. The relator applied to this court for writs of certiorari, mandamus, and prohibtion, which were granted, and a rule nisi issued herein.
 

 Upon examination of the record the only evidence we find is the written and documentary evidence as the oral evidence was not reduced to writing. The documentary evidence consists of three clinical requisitions for the examination of the defendant. The first clinical requisition, a report of the pathologist, shows ' the clinical diagnosis of the defendant to be “silot post, capsular cat.”; the second clinical requisition is a request for a Wasserman; and the third clinical requisition is a report of Urinalysis. We find in the record a letter from Dr. Roy W. Wright, Assistant Director of Charity Hospital, in which he certifies that the defendant was admitted to the hospital on three different occasions for treatment of the eyes, and that the tentative diagnosis is posterior capsular cataracts of both eyes with some small lenticular changes.
 

 The defendant contended, in his motion to suspend the payments fixed by the court, that he was afflicted with an ocular infirmity “posterior capsular cataracts of both eyes” and, on account of the infirmity, he is unable to work and has no means of support or other income whatsoever; that it would require an operation on both of his eyes to restore his vision and cure his infirmity; and that such payments should be suspended until he is able to resume work.
 

 The respondent judge in his return states that all amounts due were paid prior to the filing of the motion to suspend the payments; that, while the defendant might be afflicted with the 'infirmity set forth in the motion, there was not sufficient proof or evidence offered to show that defendant was unable to work or had no source of income; that the certificates from the hospital were mere clinical reports, and that the evidence submitted does not show that an operation was contemplated at any time in the near future or at any particular time; and that the evidence submitted was not sufficient to suspend the payments.
 

 Act No. 34 of 1902 provides, “Any person who shall, without just cause, desert, or willfully neglect to provide for the support of his wife or minor children in destitute or necessitous circumstances shall be deemed guilty of a misdemeanor.”
 

 This being a prosecution for a misdemeanor, the case would be subject to the same rules that apply to the prosecution of any criminal charge. The burden of proof is upon the state to show that the failure to support the minor child was “without just cause.” The essential element of the crime enunciated in the statute is that it was done “without just cause.”
 

 In the case of State v. Jacobs, 145 La. 898, 83 So. 183, it was held that in a prosecution under Act No. 34 of 1902 the allegation of “without just cause” in the bill of information is essential.
 

 This court in the case of State ex rel. Mioton v. Baker, 112 La. 801, 36 So. 703,
 
 *337
 
 held that the question of “just cause” is left to the discretion of the court and that the lawmaker cannot be expected to detail all cases which fall within the scope of the statute.
 

 Since it is necessary in a charge for the failure or 'refusal to support, that such failure or refusal be without just cause, it is incumbent upon the state to bear the burden of proof to show that the failure or refusal was “without just cause.” It is the function of the court to determine in each case by the particular facts therein whether or not the failure or refusal was without just cause.
 

 In the instant case, the oral evidence was not reduced to writing, but from the return of the respondent judge it appears that the lower court was of the opinion that the defendant had not sufficiently proven that the infirmity was such as to render him incapable of working and earning support for the minor child and that it was not sufficiently proved that the defendant had no other income from which to support the minor child. The fact that the defendant offered documentary evidence showing an infirmity which rendered him unable to earn the support and alleged that he had no other income could not shift the burden of proof to the defendant. Nowhere, in the return of the respondent judge, do we find the state has proved beyond a reasonable doubt that the defendant’s failure to render the support was “without just cause,” or any' facts set out therein from which such a conclusion could be reached.
 

 There is nothing in the evidence in this case to guide us as to how long it will take to remove the cause, the cataracts, which renders the defendant unable to-earn support for the minor child. In order for the defendant to have just cause for failure to render the support, he must use every reasonable effort to have the cause removed. If he sits idly by and makes no effort to be cured of his infirmity, it could not avail him.
 

 We must bear in mind that the infirmity was not occasioned by any act of the defendant and is one over which he has no control. He has evidenced his good faith by going to the hospital for treatment with the view of removing the infirmity.
 

 Due to the fact that the clinical diagnosis shows that the defendant has cataracts on both of his eyes, it is extremely doubtful that he could secure employment of any kind. It certainly would present a serious doubt which would cause us to hesitate in saying that the state had proved beyond a reasonable doubt that the defendant “without just cause” refused or neglected • to support his child.
 

 For the reasons assigned, the writs of certiorari and prohibition are made absolute and the conviction and sentence are annulled.